Barbara J. KERN, Plaintiff, Respondent,

v.

James R. DANBURY, Defendant, Appellant.

No. 25521.

Kansas City Court of Appeals,
Missouri.

April 5, 1971.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1971.

Robert J. Graeff, Kansas City, for appellant.

Gordon N. Myerson, Kansas City, for respondent; Sprinkle, Carter, Larson & Hanna, Kansas City, of counsel.

JAMES W. BROADDUS, Special Commissioner.

This is a personal injury and property damage action brought by plaintiff, Barbara J. Kern, arising out of an automobile collision occurring about 12 o'clock on the night of February 14, 1968. Plaintiff recovered a verdict and judgment against defendant, James R. Danbury, for $4,000 personal injuries and for $1,000 as damages done to her automobile. Defendant has appealed.

In view of the fact that defendant does not contend that plaintiff did not make a submissible case or that the verdict is excessive, only a brief summary of the evidence need be made.

The accident occurred in front of 3741 Locust Street in Kansas City, Missouri. Locust Street runs north and south, and 3741 is on the east side thereof. The defendant was driving south on Locust, which is a two-lane street with parking allowed only on the east side.

The plaintiff testified that she had parked her automobile in back of the

apartment building located at 3741 Locust and was proceeding down the driveway in a westerly direction into the street. The lights of her car were on. She was going to turn right after reaching the end of the driveway. There is a wall extending down the driveway which obstructed her view until she reached the end of it. She had looked, started to turn and then saw a dark object and then felt an impact. She was maybe five feet into the street at the time of impact, the wheel was still turned and, as she was making the turn, was a few feet from the curb. She testified that she was going maybe five miles per hour at the time of the impact and after the impact her car was pushed back into the driveway. She further testified that the damage to her car was mostly in the front and left side. Defendant's car did not have its headlights on. She was struck when two-thirds of her car was still back on the sidewalk area, the car being 12 to 13 feet long, and only about four or five feet of the car was out in the street.

A witness testified that he noticed skid marks in the street the morning following the accident; the skid marks started just to the right of the center line and then proceeded in a curve across the center line; that the left skid mark was across the center line; that the skid marks definitely curved over into the northbound lane.

Defendant did not appear at the trial. His deposition had been taken and certain portions thereof were offered in evidence by plaintiff as admissions against interest. Those admissions support plaintiff's claim that defendant was driving his car on the wrong side of the street at the time of the collision.

Defendant's first contention is that the court erred in refusing to admit the statement contained in his Exhibit No. 10 "that the loss occurred as follows: Insured pulled out of the driveway and made a right turn striking claimant on claimant's side of the street."

During the cross examination of the plaintiff, the defendant showed plaintiff some photographs marked for identification as Defendant's Exhibit 7 and Defendant's Exhibit 8. Plaintiff identified Exhibit 7 as her car, but did not identify Exhibit 8. During this examination, plaintiff's counsel objected by stating:

"Judge, I am going to object to this photograph with the rest of the stuff attached, as conclusions.

MR. GRAEFF: *It will be identified.* His witness put in the testimony that the insurance company fixed it."
(Emphasis supplied.)

The court directed that the pictures be detached from the rest of the papers, and defendant caused Exhibits 9, 10 and 11 to be marked *during a recess.* At the recess and out of the presence of the jury, the defendant offered Exhibit 10, a proof of loss of the Western Casualty Co. The plaintiff did not ever identify the purported signature as her writing, nor was she ever asked to testify in any manner concerning Exhibit 10. The defendant offered the exhibit in chambers with absolutely no identification other than counsel's assertion that it was a statement signed by plaintiff. Plaintiff interposed an objection including the claim it was hearsay. Defendant argues that the statement represents an "admission" or is "impeachment" of plaintiff. Essential to its admissability upon either of these theories is proof in the record that it was in fact the statement of the plaintiff. Cummins v. Dixon, Mo., 265 S.W.2d 386. Having failed in such proof, defendant may not object to the action of the trial court in sustaining objection thereto.

Defendant's second contention is that "the trial court erred in refusing defendant's motion to dismiss * * * as her testimony and defendant's offer of proof of defendant's exhibit number 10 clearly demonstrates plaintiff was not the real party in interest * * *"

■ So far as testimony by plaintiff is concerned, it shows only that an insurance company "took care of the damage." Assuming this proves payment by a third party, such payment does not deny plaintiff status as the real party in interest. Hayes v. Jenkins, Mo.App., 337 S.W.2d 259, l.c. 261.

The second portion of defendant's contention assumes that the trial court had erroneously excluded defendant's "Exhibit 10." The transcript reveals the following colloquy concerning the exhibit:

"THE COURT: Let the record show that the defendant, as part of his evidence, offers into evidence Defendant's Exhibit No. 10, for the purpose of showing that the plaintiff, Barbara Kern assigned all of her rights and property to the insurance company and that the defendant offers this exhibit at this point in the trial for the sole purpose of advising the court of this assignment.

Mr. Myerson, do you have any objection for this limited purpose?

MR. MYERSON: Plaintiff objects to Exhibit No. 10 because it is immaterial and irrelevant and invades the province of the court and jury and there has been no motion to dismiss raising a real party in interest at this time.

(RECESS)

(FURTHER RECORD IN CHAMBERS)

THE COURT: You can both admit for the purpose of the record that defendant's Exhibit Nos. 10 and 11 were obtained from the files of the Western Casualty and Insurance Company and you can waive identification, right?

MR. MYERSON: Right.

THE COURT: Is that stipulated to?

MR. GRAEFF: Right."

The court did not rule on the objection, nor did it either receive or reject the exhibit. So far as can be determined from this record, defendant abandoned this attempt to offer the exhibit.

The trial then continued for some time. Defendant's deposition was offered and read to the jury. After the defendant rested and the evidence was closed, defendant offered a motion to dismiss which did not specifically refer to Exhibit 10. The Exhibit was not offered again, nor, so far as the record shows, was it referred to in any way.

The statute, section 512.160, RSMo 1959, V.A.M.S., provides that no error shall be considered which has not been "presented to or expressly decided by the trial court." Authority provides that failure to obtain a ruling in the trial court denies any right of review as to the evidence not received below. Poage v. Parker, Mo.App., 343 S.W. 2d 203, Godsy v. Thompson, 352 Mo. 681, 179 S.W.2d 44, l.c. 49.

■ Thus, since Defendant's Exhibit 10 was never received in evidence and no ruling on the admission thereof was made or requested, the motion to dismiss for failure to bring the action in the name of the real party in interest fails of proof.

The judgment of the trial court should be affirmed, and your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed. All concur.