**In re ESTATE OF William M. THOMAS, (A Disabled Person).**

**RESEARCH MEDICAL CENTER, Appellant,**

v.

**ESTATE OF William M. THOMAS, (A Disabled Person), Respondent.**

**No. WD 38670.**

Missouri Court of Appeals, Western District.

April 21, 1987.

Keith B. Koenigsdorf of Berman, De-Leve, Kuchan & Chapman, Kansas City, for appellant.

Steven W. White of White, Allinder & Grate, Independence, for respondent.

Before GAITAN, P.J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a civil action involving a claim for medical services against an estate. The judgment is reversed and the cause remanded with instructions.

The sole issue on this appeal is whether the judgment, as entered, was against the weight of the evidence.

The facts giving rise to this matter are not in dispute between the parties, so a brief summary of those facts deemed pertinent suffices. Respondent, William Thomas, and another person, one Edward Meads, were trimming a tree on the property of one Ernest Pennington on December 7, 1984. During the course of the work, Thomas was struck by a falling tree limb and sustained severe injuries. He was subsequently transferred to Research Medical Center in Kansas City, Missouri. Care for Thomas by Research continued until his release on December 31, 1984.

Thomas initiated suit against Meads and Pennington. This litigation terminated by settlement between those parties. Because of his disability, on May 9, 1986, an estate was opened on behalf of Thomas, and his wife, Arlene, was appointed conservator.

On June 6, 1986, Research presented a claim for services in the sum of $18,307.21. On July 17, 1986, a hearing was conducted relative to the claim and the court awarded Research the sum of $14,000.00. No evidence was introduced by Thomas or the estate. Judgment was entered. Research presented this appeal.

This is a court-tried case therefore bringing review of the matter within Rule 73.01, and the interpretation of that rule by the decision in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

The record reveals that Research introduced three exhibits. These were the certification of its corporate standing, a statement of account for services provided Thomas, and the pleadings and settlement documents relative to the Thomas claim against Meads and Pennington. There was no objection to any of these documents. There was also introduced an interrogatory answer from the Thomas suit against Mead and Pennington introduced in the present proceedings as an admission against interest. This admission was that Thomas had been a patient at Research and owed Research the sum of $18,213.31.

 The account supervisor for Research testified. This witness related her 25–years experience in account supervising, the maintenance of the billing records, the accuracy of same, and the allowance for all insurance payments. She also testified as to the method by which the Thomas billing was determined and prepared, and that the charges made were fair and reasonable. Her opinion as to reasonableness was admissible. *See Board of Trustees of North Kansas City Memorial Hospital v. Conway*, 675 S.W.2d 36, 40 (Mo.App.1984). There was no challenge or any dispute raised as to this witness's testimony.

▇ The estate defends on the basis of deference to the trial court on the matter of credibility of witnesses. Indeed, that is the general rule. Such rule is not absolute, as is pointed out by Research. Research relies upon the case of *Subscribers at the Automobile Club Inter-Insurance Exchange v. Kennison*, 549 S.W.2d 587, 589 (Mo.App.1977), and *Prior v. Hager*, 440 S.W.2d 167, 172 (Mo.App.1969).

In *Subscribers*, the court pointed out that where most of the oral evidence is undisputed and much of the evidence in toto is documentary, then the trial court is not allowed as wide a deference in its findings as in cases involving disputed oral evidence. The same rule was announced in *Prior, supra.*

There is nothing upon the record before this court to take this case from under the rule announced in *Subscribers* and *Prior, supra.*

▇ The finding of the Probate Division of the Circuit Court that Research was entitled to recover only the sum of $14,000.00 was against the weight of the evidence and is accordingly reversed under the rule announced in *Murphy v. Carron, supra.*

The judgment is reversed and the cause remanded with instructions to the Probate Division of the Circuit Court to enter judgment to the favor of appellant, Research Medical Center, in the sum of $18,307.21 and its costs and against respondent, Estate of William M. Thomas, in said amount.

All concur.