AMERICAN FAMILY MUTUAL INSUR-ANCE, Plaintiff–Appellant,

v.

Deborah L. HUDDELSON, Defendant–Respondent.

No. 54879.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 28, 1989.

Richard Homire, St. Louis, for plaintiff-appellant.

David Pentland, St. Louis, for defendant-respondent.

CRANDALL, Presiding Judge.

Plaintiff, American Family Mutual Insurance Company, appeals from a judgment in the amount of $3,600 entered in its favor against defendant, Deborah Huddelson, in this court-tried case. Plaintiff argues that the amount of the judgment was inadequate and therefore against the weight of the evidence. That portion of the judgment finding plaintiff's damages to be $3,600 is reversed and remanded so that the trial court, within its discretion, may enter a proper damage amount. In all other respects the judgment is affirmed.

Lynda and Donald Priest owned a 1986 Oldsmobile Calais and insured it through plaintiff. On December 29, 1985, that automobile was being operated by Ms. Priest when it was struck in the rear by an automobile driven by defendant. Defendant did not contest liability. It was stipulated at trial that the Priests had assigned their claim for property damage against defendant to plaintiff for the sum of $10,644.50. At trial, Ms. Priest testified that, with the $10,644.50 check she received from plaintiff, she paid off Mercantile Bank's $7,000 note on the automobile. Ms. Priest testified that the fair market value of their car was $10,600 immediately before the accident and worth nothing immediately after the accident. The Priests had purchased their car for $10,600 one month prior to the accident. Ms. Priest stated that plaintiff had given her a repair estimate of $9,042.75 and, in the alternative, a salvage value figure which she could not recall. Photographs of the damaged Oldsmobile were admitted into evidence. No findings

of fact or conclusions of law were requested by counsel and none were given by the trial court. This appeal follows the court's entry of judgment in favor of plaintiff in the amount of $3,600.

We review this court-tried case within Rule 73.01 as interpreted by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Due regard is given the trial court to judge the credibility of witnesses. Rule 73.-01(c)(2). The trial court is granted broad discretion even if there is evidence which would support a different conclusion. *Calvary Heights Baptist Temple v. Molasky*, 733 S.W.2d 774, 775 (Mo.App.1987).

 Although the trial court's discretion is broad, the deference accorded by an appellate court is neither absolute nor unlimited. *See, e.g., Research Medical Center v. Estate of Thomas*, 729 S.W.2d 42 (Mo.App.1987). While the trial court was not obligated to enter a judgment for plaintiff in the amount of $10,600, a $3,600 judgment was against the weight of the evidence. Although there was testimony adduced by defendant during cross-examination of Ms. Priest which cast doubt on the exactitude of the $10,600 figure, there was no probative evidence in the record to support a judgment in the amount of $3,600. Our review, therefore, leaves us with a firm belief that the damage amount of the judgment is wrong.[1] *Murphy*, 536 S.W.2d at 32.

That portion of the judgment finding plaintiff's damages to be $3,600 is reversed and remanded so that the trial court, within its discretion, may enter a proper damage amount. In all other respects the judgment is affirmed.

REINHARD and CRIST, JJ., concur.

---

1. Because the trial court entered judgment in the precise amount of $3,600, it may have concluded that plaintiff was only entitled to recover the equity that the Priests had in the automobile. If that was the basis for the judgment, it was an erroneous application of law. Generally, the title owner of a motor vehicle is the real party in interest to bring an action for damage to that vehicle. *See Kern v. Danbury*, 471 S.W. 2d 489, 491 (Mo.App.1971). Plaintiff, as assignee of the Priests' claim, was entitled to bring an action for the total damage to the automobile. *See Kershner v. Hilt Truck Line, Inc.*, 637 S.W.2d 769, 771–772 (Mo.App.1982).