EDP TECHNOLOGIES, INC.,
Plaintiff–Respondent,

v.

Gus STRODER, Defendant–Appellant.

No. 63536.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 8, 1994.

---

2. Petitioner's motion to dismiss the appeal is denied.

Mark Belz, Belz & Beckemeier, P.C., St. Louis, for defendant-appellant.

Michael H. James, Doster, Robinson & James, P.C., Chesterfield, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Gus Stroder, appeals from the judgment of the trial court, in a court-tried case, in favor of plaintiff, EDP Technologies, Inc., on plaintiff's claim against him and on his counterclaim against plaintiff. We affirm.

Our review of a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). We must affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless the trial court erroneously declares or applies the law. *Id.* at 32. It is the prerogative of the trial court to determine the credibility of the witnesses, accepting or rejecting all, part, or none of the testimony. *Estate of Helmich v. O'Toole*, 731 S.W.2d 474, 475 (Mo.App.1987); *see also* Rule 73.01(c)(2). On appeal, we accept as true the evidence and reasonable inferences therefrom favorable to the prevailing party and disregard contradictory evidence. *Estate of Helmich*, 731 S.W.2d at 475. The trial court is granted broad discretion, despite evidence which would support a different conclusion. *American Family Mut. Ins. v. Huddelson*, 765 S.W.2d 721, 722 (Mo.App.1989).

Against these principles, we review the evidence. The record establishes that plaintiff was a business corporation. Defendant

began working for plaintiff on August 17, 1989. A letter on that date spelled out the terms of defendant's employment with plaintiff and indicated that defendant's compensation was to be based upon commissions earned. The letter provided that during the initial term of his employment, defendant was to be paid a "reversible draw" of $1,000.00 per month "to insure a minimum gross income." Pursuant to the letter agreement, he received $8,000.00 in reversible draws. In addition, he received $10,600.00, which plaintiff characterized as "cash advances" on commissions. In March 1990, defendant tendered his resignation. In an oral agreement, reached on March 26, 1990, defendant agreed to remain in plaintiff's employ and the terms of his employment were altered. Plaintiff, however, terminated defendant's employment on May 22, 1990.

Plaintiff brought the present action against defendant, claiming that defendant owed it $12,144.00 for "cash advances against commissions." Defendant counterclaimed, alleging that plaintiff owed him salary and commissions of approximately $6,000.00, which was reduced to $3,000.00 at the time of trial. The trial court found in favor of plaintiff; and entered judgment against defendant in the amount of $9,144.00. The court denied defendant's counterclaim.

In his first point, defendant contends that the trial court erred in entering judgment in favor of plaintiff. He argues that in the absence of an agreement to the contrary, advances on commissions are only recoverable from commissions earned.

Defendant's initial argument is that there was no evidence that the employment agreement between him and plaintiff required that he be personally liable for the amounts of either the reversible draws or of the additional cash advances in excess of commissions earned. To support his position, he relies on *Hamilton Fire Ins. Co. v. Cervantes & Co.*, 278 S.W.2d 20, 23 (Mo.App.1955), in which the court held that the contract between the insurance company and the agent did not evince the intent of the parties that the agent be personally liable for the return of the advance commissions paid to him in excess of the commissions due on insurance premiums. The court stated:

> When the contract contains no agreement, express or implied, on the subject of repayment, the great weight of authority supports the view that where advances are to be charged to and deducted from the commissions agreed to be paid to the agent as they accrue the principal cannot recover from the agent the excess of advances over commissions earned, and the principal is limited to the commissions actually earned for recoupment of the excess.

*Id.* at 25.

■ In the present action, *Hamilton Fire* is not controlling. The facts of the case before us indicate an implied agreement that defendant repay the cash advances. "[I]t is not necessary that there be an express agreement to repay a loan, as an agreement to repay may be implied from the circumstances." *Tom Davis Ins. Agency, Inc. v. Shivley*, 799 S.W.2d 195, 197 (Mo.App.1990) (citations omitted). Here, plaintiff's president testified that the standard meaning in the industry of the phrase in the employment letter, "reversible draw," was that the draw was indeed "reversible" and thus would be repaid to plaintiff if the draw exceeded commissions earned. Plaintiff's director of finance testified that defendant's commissions were offset by the amount of the reversible draw and that he regularly received reports which reflected this practice.

In addition, defendant requested and received cash advances from plaintiff which were in excess of the monthly draw provided to him in accordance with the employment letter. Defendant and plaintiff's president testified that at the time defendant received the cash advances, both parties anticipated repayment of the money. Plaintiff's director of finance testified that she made a notation on each check she issued to defendant that the check was for an "advance on commission."

■ Defendant next argues that when the employment agreement was modified orally on March 26, 1990, he did not agree to become personally liable for the balance of the advances on his commissions, but rather

that plaintiff agreed to "forgive" the entire indebtedness. Although defendant testified to that effect at trial, plaintiff's president testified to the contrary, saying that the subsequent agreement provided that defendant's debt be forgiven at the rate of $500.00 per pay period or $1,000.00 per month. Plaintiff's director of finance also stated that defendant was to repay the advances at $500.00 per pay period, with the result that the total debt would be forgiven over a period of time. The trial court, as the fact finder, was entitled to believe or to disbelieve any of the testimony.

There was substantial evidence in the record to support the judgment of the trial court that defendant was obligated to repay the cash advances. The trial court did not err in entering judgment in favor of plaintiff. Defendant's first point is denied.

In his second point, defendant contends that the trial court erred in entering judgment against him on his counterclaim for back pay. At trial, plaintiff admitted that it owed defendant $3,000.00 in unpaid salary. The trial court merely offset plaintiff's demand of $12,144.00 by the $3,000.00 it owed to defendant and entered judgment in favor of plaintiff for $9,144.00. Each party in essence prevailed on certain issues. It is immaterial that the trial court denied defendant's counterclaim and treated the amount which plaintiff owed defendant as a set-off to plaintiff's demand. Defendant's second point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.