104 N.J. Super. 477 (1969)
250 A.2d 429
RUSSELL SINOWAY, PLAINTIFF-APPELLANT,
v.
VILLAGE OF SOUTH ORANGE AND THE BOARD OF ADJUSTMENT OF THE VILLAGE OF SOUTH ORANGE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 11, 1969.
Decided February 26, 1969.
*478 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Max Spinrad argued the cause for appellant (Messrs. Spinrad, Steinberg & Marshall, attorneys).
Mr. Saul J. Zucker argued the cause for respondents (Messrs. Zucker, Lowenstein, Gurny and Zucker, attorneys).
The opinion of the court was delivered PER CURIAM.
The building inspector of the Village of South Orange denied plaintiff's application for a building permit to convert the porch of his residence into an office for use in his practice of optometry. The permit was denied on the ground that the building is in a "Residence A" zone, where the use of a building as a combined residence and office is prohibited under section 6, paragraph 604.0(b). By way of exception under that section, a private dwelling may be used as a combined residence and office by a "Doctor of Medicine or Dentistry," if the person occupies it as his private dwelling and there is no display of goods or advertising signs other than one sign of not more than 200 square inches of surface.
*479 Plaintiff appealed to the local board of adjustment and sought a variance to allow the building alterations and office use. The board denied the relief sought.
By suit in the Law Division plaintiff asserted that section 6, paragraph 604.0(b), was discriminatory and sought a judgment that it be declared null and void, and that he be permitted to use his home as a combined residence and office for the practice of optometry. He also demanded that the action of the board of adjustment be reversed and set aside; and that the building inspector be required to issue the requested permit so that he might use his home for the aforesaid dual purpose.
The Law Division upheld the validity of the challenged section of the village zoning ordinance; and it approved the denial of the building permit and the denial of the variance. Plaintiff appeals from the judgment of the Law Division.
Plaintiff argues that the profession of optometry should be accorded the same treatment under the village zoning ordinance as is accorded to the professions of medicine and dentistry. He maintains that failure to do so constitutes arbitrary, capricious and unreasonable action in violation of the Fourteenth Amendment of the United States Constitution. As evidence of his claim of discrimination, he points to the fact that the ordinance would allow an ophthalmologist to have an office in his place of residence, but denies the same right to an optometrist.
South Orange is generally a high-class residential community, especially in its "Residence A" zone. The village trustees could justifiably limit the invasion of this residential area for office use in one's actual place of residence to the exceptional cases of doctors of medicine and dentistry. Their need is frequently required in emergency situations on short notice. Their ready availability is important to the health and welfare of the community. They sell no merchandise.
Optometrists, concerned generally with measuring the acuity of the eye, are rarely faced with emergencies. They *480 are more involved in the fitting and sale of spectacles, besides their other functions of measuring the powers of vision to ascertain any departure from the normal. Plaintiff here already has an office at 516 Orange Street, in Newark, where he practices his profession.
The optometrist cannot be equated with an ophthalmologist. While both professions deal with the eyes and have some common functions dealing with the vision, the ophthalmologist can treat pathology; the optometrist may not. The ophthalmologist, as a physician skilled in the treatment of diseases of the eye, could render immediate treatment in case of an emergency involving the eye, or in any emergency as a physician. The optometrist may not, being limited by his license.
We conclude that a reasonable basis exists for limiting the exception to doctors of medicine and dentistry. The classification does not constitute any invalid discrimination.
The judgment is affirmed.