Henry L. ATKINS, Respondent,

v.

Marion CLARK, Appellant.

No. WD 33253.

Missouri Court of Appeals,
Western District.

Dec. 21, 1982.

L.E. Atherton, Milan, for appellant.

Patrick E. Richardson of Gifford & Richardson, Green City, for respondent.

Before MANFORD, P.J., and WASSERSTROM and KENNEDY, JJ.

MANFORD, Presiding Judge.

This is an action for breach of contract. Judgment awarding recovery of monies under the contract is affirmed in part and reversed in part. The cause was certified for assignment to the presiding circuit judge of the 9th judicial circuit. On March 9, 1981, the case was assigned to the Honorable George S. Thompson, Associate Circuit Judge.

Three points are presented, which charge the trial court erred in its judgment because (1) the alternatively pleaded causes of action were barred by the statute of limitations; (2) interference with performance was neither pleaded nor proven, thus there was no basis for such finding by the trial court in support of the judgment; and (3) there was no evidence to support the trial court's finding and assessment of damages.

Pertinent facts will be developed within the discussion and disposition of appellant's charged error. It suffices to state at this point that the parties entered into a written contract on April 10, 1971 wherein respondent (hereinafter referred to as plaintiff) promised to construct a road, dig a new creek channel, relocate a bridge, fill a hole and complete incidental work in exchange for which appellant (hereinafter referred to as defendant) promised to pay the total sum of $4,200.00. The terms of payment provided for payment of $1,000.00 when plaintiff located his equipment upon the job site, $500.00 when the bridge was located, and the remaining sum ($2,700.00) to be paid in full sixty days after completion of the construction described in the contract.

Plaintiff commenced work on the job. The first payments ($1,500.00) were made following plaintiff's location of his equipment at the job site ($1,000.00) and the setting of the bridge ($500.00). Those events and amounts are not in dispute.

This action originated on January 22, 1981, and the petition was in three counts. Count three alleged the performance of other work not associated with the issues in the instant proceedings. This count was dismissed and trial proceeded on the two remaining counts. The first count charged a breach of contract by defendant and full performance by plaintiff, and sought recovery of the remaining balance of $2,700.00. Count two sounded in quantum meruit, alleging that plaintiff had partially performed, that defendant had prevented full performance, that the balance had not been paid, and that plaintiff was entitled to the full balance of $2,700.00. Defendant filed a general denial by way of an amended answer. Defendant then filed a motion to dismiss and a motion for summary judgment as to the remainder of plaintiff's petition (counts I & II). The basis for both motions was that the claims under both counts were barred by the five-year statute of limitations. Both motions were overruled and both counts tried to the court without a jury. The court entered judgment for plaintiff in the sum of $1,860.00. This appeal followed.

Under point (1), defendant charges that the trial court erred in failing to sustain his motion to dismiss or his motion for summary judgment because the claims of plaintiff were barred by the statute of limitations. Defendant contends specifically that plaintiff's claim of damages does not rest upon a contract in writing for the payment of monies or property, and hence under our statutes (§§ 516.110/516.120), the claims were viable for only five years.

Suit was filed nine years, nine months and 12 days following execution of the contract. Defendant contends that disposition of this case squares with the ruling in *Parker-Washington Co. v. Dennison*, 267 Mo. 199, 183 S.W. 1041 (1916). We cannot agree.

Defendant contends correctly that *Parker* declared that since the contract had to be completed before any money was due, a plaintiff was left to sue for damages in implied assumpsit (and barred if not brought within five years). However, *Parker* also points out:

"In order to bring an 'action upon any writing for the payment of money or property,' it must appear in the statement of the cause of action that the money or property sued for is promised to be paid or given by the language of the writing, and that such promise does not arise only upon proof of extrinsic facts." 183 S.W. loc. cit. at 1042.

In *Parker,* the payment of monies (if any) were to be ascertained only if certain conditions were met. The amount and determination of payment relied solely upon "proof of extrinsic facts." This is not the situation herein.

Plaintiff sued on the contract in Count I, attaching to his petition the agreement between the parties. It is correct that plaintiff alleged full performance and sought full recovery of the balance of the $2,700.00. The contract in the instant case, without reliance on "proof of extrinsic facts", clearly expresses a promise to pay a sum certain within the written terms of the agreement or contract. Neither *Parker* nor § 516.120 control. Rather, if an obligation to pay money is found by fair implication from the writing, an action thereon may be brought within ten years. *South Side Realty Co. v. Hamblin*, 387 S.W.2d 224 (Mo.App. 1964). We find that the contract herein was a promise to pay a sum certain and the action could be maintained within ten years. Alternatively, as to plaintiff's claim upon quantum meruit, it is found that the Statute of Limitations barred that claim. Point (1) is found to be without merit and is ruled against defendant.

Under point (2), defendant contends that the trial court erred in finding that he interfered with the completion of the work called for in the contract. Defendant's contention rests upon two points. First, de-

fendant urges that plaintiff never pleaded interference under Count I. Secondly, defendant contends that there is no evidence that defendant told the plaintiff not to do any of the work or that although others told the plaintiff certain work was forbidden, the evidence reveals that this fact was never communicated to defendant.

It is correct, as contended by defendant, that Count I of the petition does not allege interference by the defendant. The petition in Count II, however, does make such allegation, and declares, "and would have completed the same according to the terms of said contract, but that the defendant (sic)[1] was not permitted to do part of the work referred to in paragraph 1(a) ..."

Plaintiff counters defendant's first attack on the court's finding by pointing out that this action first arose in the associate circuit court, wherein formal pleadings are not required. See § 517.050, RSMo 1978. The case was then removed to the circuit court and tried to the court without a jury. Plaintiff further points out, by way of answer to defendant's interrogatories, that he did not complete the work and that noncompletion was the result of acts and omissions of the defendant.

What occurred is the issue of noncompletion of the work because of defendant's interference which was, in fact, not pleaded. Nor was the defense of the Statute of Limitations pleaded by the defendant. Nevertheless, the issue was actually tried to the court by the parties. Such process has been recognized not only in the body of our caselaw, but in our statutes as well.

In § 509.500, RSMo 1978, it is declared, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." This has been held applicable to actions upon contract. *Koedding v. N.B. West Contracting Co. Inc.*, 596 S.W.2d 744 (Mo.App.1980); *Payne v. White*, 288 S.W.2d 6, 9 (Mo.App.1956).

As applied to torts, see *Domijan v. Harp*, 340 S.W.2d 728 (Mo.1960); *Coulter v. Michelin Tire Corp.*, 622 S.W.2d 421, 426 (Mo.App.1981).

The record herein reveals that the issue was not drawn by the pleadings. Defendant neither moved to strike nor moved for a more definite statement. Nor did defendant object to the introduction of evidence upon this issue and the issue was tried, in fact, to the court. Defendant's contention that the trial court erred because the petition (under Count I) failed to allege interference must be rejected because it is clear from the record that the issue was tried by implied consent. Pursuant to § 509.500 and the authority interpreting that statute, the issue is treated as if raised by the pleadings.

The remaining question under this point is whether the evidence is substantial to support the trial court's finding that defendant, by act or omission, interfered with full performance by plaintiff, thus excusing plaintiff from full performance.

The dispute on this precise point and within the entire controversy, centers upon plaintiff's noncompletion of that portion of the work which called for the fill of the present channel of East Locust Creek, the placement of a tube to handle water flow, the fill of a 20-foot hole cut by the stream's previous current, the straightening of the channel stream north of the bridge, and a new fill at the north end of the new channel.

Defendant had agreed with a Mrs. H.P. Maggart (adjoining landowner, deceased at the time of trial) that a four-foot tube would be placed in the East Locust Creek channel when filled. The agreement had been related to a then-member of the County Court of Sullivan County by defendant. This agreement had been entered into by the late Mrs. Maggard and by defendant in the presence of Mrs. Maggard's son-in-law, who testified to the agreement. Defendant

---

1. The petition, being unartfully drawn, uses the term "defendant" where "plaintiff" should appear, but it is evident, from the whole of the pleading, that the party designate was plaintiff, not defendant.

did not provide a four-foot tube, but insisted upon the placement of a two-to-three foot tube. Plaintiff was informed by Mrs. Maggard and her son-in-law that he was to do no more work north of the new roadway and bridge until the four-foot tube was provided. In addition, the son-in-law objected to fills being made in the main channel of East Locust Creek and informed plaintiff that he was to do no work north of the new roadway until the four-foot tube was provided. In addition, plaintiff testified that he asked defendant for the four-foot tube and defendant advised him that it was unavailable.

The former member of the Sullivan County Court testified that defendant had informed him that he (defendant) had not acquired an easement from the landowners to dig the channel. The former court member inquired of defendant why the creek was not dammed up, and defendant replied to him, "[T]hey [the landowners] was hollering about a four-foot tube." In addition, plaintiff testified that while on the job location, four people purporting to represent the state of Missouri appeared and advised him that since he did not have a permit, he had better not dam up the creek. As to the question that defendant denies knowledge of the objections by the adjoining landowners, plaintiff testified that one day at the job location, defendant stood on one side of the creek bed and Mrs. Maggard stood on the other, and the two "talked across and he (defendant)—she told him to stop the job right there, that she would go get her son-in-law and she would find out why he wouldn't put the tube in the old channel." Further, plaintiff's evidence reveals that plaintiff offered, without additional cost, for purposes of continuing the project, and in lieu of the tube, to place a bridge across the main channel. Defendant would not permit plaintiff to proceed in this alternative manner.

In contrast, defendant testified that when plaintiff placed the bridge upon the bridge pilings, one end of the bridge was narrower than the other by 11 inches. Defendant said that he confronted plaintiff with this and asked plaintiff to fix it. De-

fendant contends that this confrontation resulted in plaintiff's telling defendant, "where to go and so forth", that "he (plaintiff) wasn't going to have anything to do with it", in plaintiff's not helping to make adjustments to the bridge, and in plaintiff's disappearance from the job.

In this argument, defendant points out to this court that plaintiff admitted, in his testimony, that the objections by the landowners and the intercession by state authorities were never conveyed to defendant by plaintiff. When asked if he (plaintiff) ever conveyed these objections to defendant, plaintiff stated, "No, it was none of my business." Defendant further testified that plaintiff did not build the dam, no one ever told him (defendant) that the dam could not be built, and no landowner ever told him he could not "dam up the stream." Defendant argues that he was never apprised of the intercession by state authorities, nor was it ever communicated to him that there was any objection by adjoining landowners.

 What is apparent is a controverted fact issue as to whether defendant knew of the objections, and whether his omission in not securing easements and/or securing a four-foot tube amounted to interference with completion so as to excuse plaintiff from performing that portion of the work. In determining that fact and question, this court defers to the trial court who, because of its position, is able to listen to the testimony and observe the demeanor of the witnesses. The trial court was not bound by the defendant's evidence. It could have elected to believe it all, a portion of it, or none of it. *Husky Industries, Inc. v. Craig Industries, Inc.*, 618 S.W.2d 458 (Mo.App. 1981). This court may not substitute its judgment for that of the trial court as to the credibility of the witnesses. *Wells v. Wells*, 623 S.W.2d 19 (Mo.App.1981); *Sedmak v. Charlie's Chevrolet, Inc.*, 622 S.W.2d 694 (Mo.App.1981); and Rule 73.01. Review of this issue is made pursuant to the benchmark rule announced in *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976) in that a judgment is to be affirmed unless

**370**

the judgment is against the weight of the evidence, there is no substantial evidence to support it, or the judgment erroneously declares or applies the law. We find the evidence was substantial to support the trial court's finding that defendant's conduct did amount to interference of plaintiff's full performance of the work pursuant to the terms of the contract. There is no merit to defendant's point (2) and it is ruled against defendant.

Under his final point (3), defendant challenges the trial court's finding of damages in the sum of $1,860.00. Defendant contends that there is insufficient evidence, indeed no evidence, to support the sum allowed. We think that defendant's contention is valid. The record contains no evidence to support the sum entered by the trial court. The trial court was required to base its finding of the amount of damages upon evidence in support thereof. The trial court had previously found, and we conclude properly so, that this action was not barred by the five-year Statute of Limitations [point (1) above], and that defendant's conduct amounted to interference with plaintiff's full performance of the work. However, the finding by the trial court of damages in the sum of $1,860.00 was not supported by substantial evidence. It is obvious that the trial court expressed every good intention in deriving a just result, and employed great effort in its attempt to affix the amount of damages. However, the evidence did not support the amount affixed as damages relative to our rules of law. The rule to which the trial court is bound on this point is that where a party to a contract breaches that contract by preventing performance of the other party, the measure of damages, based upon proper evidence to support it, is the contract price less an amount it costs the claimant contractor to complete the performance of the contract. *Ark. Const. Co. v. City of Florissant,* 558 S.W.2d 418, 423 (Mo.App.1977). The finding, and hence entry of an award of $1,860.00 as damages herein, was not supported by substantial evidence. *Murphy v. Carron, supra.* Point (3) is sustained to defendant's favor.

We conclude that portion of the judgment pertaining to the issue of damages must be reversed and this cause must be remanded for retrial upon the issue of damages only. The judgment is in all other respects affirmed.

All concur.