**CITY OF ST. ANN, Missouri, A Municipal Corporation, Plaintiff-Appellant,**

v.

**Jimmy H. ELAM and Lois I. Elam, Defendant-Respondent.**

No. 46313.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 18, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 30, 1983.

William R. Dorsey, Clayton, for plaintiff-appellant.

Rollin J. Moerschel, St. Charles, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from a court tried judgment in which the City of St. Ann, Missouri, sought a permanent injunction against Jimmy H. Elam, an optometrist, and Lois I. Elam, his wife, from using their premises as an office for the conduct of his business. The court in its decree determined among other matters that it was without jurisdiction because the city had failed to exhaust its available administrative remedies. We reverse and remand.

On April 17, 1981, respondent, Jimmy H. Elam, was granted permission by appellant, the City of St. Ann, through its agent, to occupy a one-story two bedroom house in St. Ann, Missouri. Under the terms of the occupancy permit, the property was to be used solely as a residence. Mr. Elam had applied for a change of zoning but his application was denied. On September 14, 1981,

he applied for and was granted a remodeling permit to remodel his house and build a parking lot. The use of the building as listed on the application was "optometrist's office/residence." On October 9, 1981, a final inspection was made and the property was approved by the building inspector.

In describing the St. Ann residence, Mr. Elam testified that the living area on the first floor of this one-story full basement home was used for his optometry business with the exception of the bathroom which was used both for his business clients and his family and that the basement was his living area. Additional evidence adduced at trial revealed that respondents also own a condominium in Lemay, Missouri. Mr. Elam testified, however, that the property in Lemay was not their residence and further that he only makes an occasional "presence" at that property because of a previous burglary at that property.

Upon discovering that respondents were using the residence as an optometrist office, appellant filed for an injunction. The basis for appellant's suit was that Mr. Elam was in violation of Ordinance No. 158, which defines the permitted uses in the "A" Residence Districts because Mr. Elam, an optometrist, was not a "physician" as defined by Ordinance No. 946 of the City of St. Ann. The circuit court in its decree found it was without jurisdiction to hear and determine this cause for the reason that appellant failed to appeal the decision of its Building Commissioner to the Board of Adjustment as required by § 89.090 RSMo 1978 prior to filing the cause of action. Additionally, the court held that Ordinance No. 946 to the extent that it defines "physician" as only those persons licensed under Chapter 334 RSMo 1978 was in violation of Article 1, Section 2 of the Missouri Constitution and Amendment XIV of the United States Constitution. The court also concluded that respondents were using a major portion of the building as their residence as required by Ordinance Nos. 946 and 158 and further that appellant adduced no evidence to support any allegation as to respondent Lois I. Elam. This appeal follows.

We must first consider whether the circuit court had jurisdiction to consider the city's request for an injunction. The trial judge believed that he lacked jurisdiction because the city had failed to exhaust the administrative remedies available to it under §§ 89.090–110, RSMo 1978 before pursuing the judicial remedy provided in § 89.120.1, RSMo 1978. Those sections provide, in pertinent part, that:

89.090 .... 1. The board of adjustment shall have the following powers: (1) To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of these sections or of any ordinance adopted pursuant thereto;

(2) To hear and decide all matters referred to it or upon which it is required to pass under such ordinance; ...

89.100 .... Appeals to the board of adjustment may be taken by any person aggrieved or by any officer, department, board or bureau of the municipality affected by any decision of the administrative officer ....

89.120 .... In case any building or structure is erected, constructed, reconstructed, altered, converted or maintained, or any building, structure or land is used in violation of sections 89.010 to 89.140 or of any ordinance or other regulation made under authority conferred hereby, the proper local authorities of the municipality, in addition to other remedies, may institute any appropriate action or proceedings to prevent such unlawful erection, construction, reconstruction, alteration, conversion, maintenance or use, to restrain, correct, or abate such violation, to prevent the occupancy of said building, structure, or land, or to prevent any illegal act, conduct, business, or use in or about such premises.

■ As a general rule in zoning cases "[a]n adequate administrative remedy must be exhausted before a court may give injunctive or declaratory relief ...." *Westside Enterprises Inc. v. City of Dexter,* 559 S.W.2d 638, 640 (Mo.App.1977), *see general-*

*ly* Anderson, 4 American Law of Zoning (2d ed.) §§ 27.03, 27.14. As a policy matter, it would seem preferable that zoning problems be resolved, whenever possible, at the administrative level by officials with expertise in the community's zoning ordinances. While no case law exists in Missouri wherein a city was a petitioner to its own Board of Adjustment, there is no legitimate reason why a city should not be held to the same exhaustion of administrative remedies. We hold that the trial court was correct in its assertion of law that a city must exhaust all administrative remedies before it can seek an appropriate judicial remedy.

■ However, in the case at bar, the city of St. Ann had no administrative remedies to exhaust. It must be noted that the city was seeking to enjoin respondents from operating an optometrist office from their residence in violation of the zoning ordinance. Respondents' optometrist office was not a preexisting nonconforming use. Consequently, respondents had to procure a variance or special exception before opening the office. Mr. Elam had applied for a change of zoning but this request was denied. Since Mr. Elam failed to appeal this decision, respondents must accept the occupancy permit as it stands. The permit limited the use of respondents' property "solely for the purpose of living." Respondents had failed to procure the appropriate occupancy permit. They had not obtained a variance or special exception permit. The object of the city's suit is to have the ordinance enforced. Such legal action does not require a previous administrative hearing before the Board of Adjustment.

■ Respondents contend, however, that appellant is estopped from seeking an injunction until the building permit is revoked. Assuming arguendo that appellant had full knowledge of the intended use of

the construction,[1] such fact by itself would not estop appellant from seeking an injunction. As stated earlier, appellant's request for an injunction is premised on respondents' violation of the zoning ordinance not a violation of the building permit. "[T]he mere granting of a permit to construct a building confers no *vested* right to construct such building, if the construction thereof in fact is in *violation* of a zoning ordinance." *Fleming v. Moore Brothers Realty Co., Inc.*, 251 S.W.2d 8, 14 (Mo.1952). A building permit for construction issued but unauthorized by a zoning ordinance is void and a city is not estopped because its employee issued the license or permit.[2] As a result, the circuit court erred in determining it lacked jurisdiction.

Appellant's next point contends that the circuit court erred in holding Ordinance No. 946 unconstitutional.

Respondents alleged and the circuit court held that Ordinance No. 946 to the extent that it defines "physician" as only those residents licensed under Chapter 334 RSMo 1978 is in violation of Article 1, Section 2 of the Missouri Constitution and Amendment XIV of the United States Constitution. The circuit court found that the definition of "physician" was arbitrary and unreasonable and constituted no reasonable basis for discrimination among physicians of various types. We disagree.

An optometrist is defined as "a person specifically trained and licensed to examine the eyes in order to determine the presence of vision problems and to prescribe and adapt lenses to preserve or restore maximum efficiency of vision."[3] An opthalmologist is "a *physician* who specializes in the treatment of disorders of the eye." (emphasis added). The preferred term for a physician who treats and studies diseases of the eye is opthalmologist. An optometrist

---

1. Respondents' application on the building permit listed the use of the building as optometrist's office/residence. However, the city claimed no knowledge of the intended use until after the remodeling was completed.

2. We limit this decision to those cases where a permit was issued at variance with an existing zoning ordinance and do not decide the issue of a case of rezoning after the permit was issued.

3. Taber's Cyclopedic Medical Dictionary (14th ed.) 1981

is not a physician, but one who is skilled in testing visual acuity and prescribing corrective lenses.[4] An optometrist deals with the optical mechanism of the eye, i.e., the ability of the eye to focus rays of light and may not ethically attempt to treat diseases of the eye.[5] Chapter 336 RSMo 1978 entitled "Optometrists" comports with the above in defining the practice of optometry.[6]

The optometrist cannot be equated with an opthalmologist. While both professions deal with the eyes and share some common functions dealing with vision, the opthalmologist can treat pathology; the optometrist may not. The opthalmologist, as a physician licensed under Chapter 334 RSMo 1978, can render immediate treatment in case of an emergency involving the eye, or in any emergency as a physician. The optometrist, limited by his license under Chapter 336 RSMo 1978, may not.

■ A legislative body can justifiably limit the invasion of a residential area for office use in one's actual place of residence to the exceptional cases of doctors of medicine, dentists, and surgeons. *Sinoway v. Village of South Orange,* 104 N.J.Super. 477, 250 A.2d 429, 430 (1969). Their need is frequently required in emergency situations on short notice. *Id.* Their ready availability is important to the health and welfare of the community. *Id.* They sell no merchandise. *Id.*

■ The exclusion of optometrists does not constitute invalid discrimination because the City of St. Ann could reasonably conclude there is more of a need in residential areas only for the services of a doctor, dentist or surgeon rather than an optometrist. *See* R. Anderson, *American Law of Zoning 2d,* § 13.03–.05 (1979) and Annot., 24 A.L.R.3d 1128 (1969) for detailed discussion on the restrictions of land through limitations on use by professionals. We hold that Ordinance No. 946 which permits a physician, dentist or surgeon to maintain an office in their home in a residential district may constitutionally exclude the office of an optometrist. The trial court erred in declaring Ordinance 946 unconstitutional.

Appellant's next point alleges circuit court error in ruling that appellant adduced no evidence to support any allegation in its petition as to respondent Lois I. Elam.

■ The essence of appellant's petition is that the operation of an optometrist's office in the premises was in violation of the city zoning ordinance. Mr. Elam in answer to interrogatories stated that the property in question was jointly owned by himself and his wife, Lois Elam. Lois Elam had an interest in the property. It could be reasonably inferred that Mr. Elam was operating the optometrist office with Lois Elam's knowledge and implied permission. We find that the court erred in ruling that appellant failed to adduce evidence to support its petition as to Lois I. Elam. We therefore reverse and remand to reinstate Lois I. Elam as a defendant in this cause of action.

Appellant's final point claiming respondents' failure to reside in the home in question is dispositive in our disposition of appellant's second point.

Judgment reversed and remanded for trial in conformity with this opinion.

SMITH and KELLY, JJ., concur.

---

**4.** *Id.*

**5.** 2 Schmidt's Attorneys' Dictionary of Medicine 46 (1983)

**6.** *See* Section 336.010 RSMo 1978.