**ST. CHARLES COUNTY, Missouri, Plaintiff/Appellant,**

v.

**John R. McPEAK and Sandra M. McPeak, Defendants/Respondents.**

**No. 51497.**

Missouri Court of Appeals, Eastern District, Division One.

June 2, 1987.

Ellsworth Cundiff, Jr., St. Charles, for plaintiff-appellant.

Rollin J. Moerschel, St. Charles, for defendants-respondents.

SATZ, Presiding Judge.

This is an action to enforce a Zoning Order. Plaintiff, St. Charles County (County), sought to enjoin defendants, John McPeak and Sandra McPeak (McPeaks), from conduct alleged to be prohibited in a district zoned residential. The trial court entered judgment for the McPeaks. The County appeals. We reverse and remand with directions.

The McPeaks own property in St. Charles County within a district zoned residential. The County alleged the McPeaks used the property to repair, store and maintain "dump trucks and other commercial vehicles" and were "engaged in ... [the] business of operating a trucking company". The County sought to enjoin the McPeaks "from parking, repairing or otherwise storing commercial vehicles, including but not limited to dump trucks" and "from conducting any commercial enterprise on the property". The trial court found "that on occasions, ... [the McPeaks'] trucks are repaired in the interior of [an] ... out building" containing "equipment capable of repairing ... [the] trucks". But, the court also found the repair of the trucks was "casual, not constant ... and reasonably infrequent". The court then concluded this

conduct did not constitute the operation of a trucking business and did not constitute "an offense of the ... use restrictions in [a residential] zoning district".

In this court tried case, we defer to the trial court's resolution of credibility, Rule 73.01, and we consider only those evidentiary facts and inferences favorable to the prevailing party, the McPeaks. *E.g., Atkins v. Clark,* 644 S.W.2d 365, 369 (Mo. App.1982). We affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or it states or applies the law erroneously. *E.g., Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court here erroneously applied the law.

The Zoning Order in question is an example of permissive zoning. *See, e.g., State ex rel. Barnett v. Sappington,* 266 S.W.2d 774, 776 (Mo.App.1954). The Order divides St. Charles County into approximately 21 districts and expressly prescribes the uses permitted within districts. *Table of Contents, St. Charles County Zoning Order.* [1] With certain qualifications, any use not expressly permitted within a district is prohibited. Devices for flexibility, such as "conditional uses" and "variances", are built into this comprehensive scheme. This allows for controlled deviation from strict application of the Order.

The McPeaks' property is zoned "R–1E, Single-Family Residential". The uses expressly permitted are "single-family dwelling[s]" and public noncommercial uses, such as, a "park or playground", ... "public school", "church", "Institution (hospital, nursing, rest or convalescent home)." "Conditional Uses", low intensive commercial uses, are permitted upon application and after hearing and approval by an administrative tribunal. § 5.

It is obvious to both parties, as it is to us, that a trucking business is a prohibited use in this district. The County argues the record shows the McPeaks were conducting a trucking business in violation of this prohibition. The County acknowledges the Zoning Order fails to define the term "business", but it urges us to adopt what it believes to be the commonly accepted definition of "business" or to adopt the definitions used by other jurisdictions. We see no need to adopt any of the County's suggested definitions, for the present record does not show the McPeaks were conducting a trucking business under any one of the suggested definitions.

To support this argument, the County relies on certain admissions of the McPeaks and evidence elicited by the County from its witnesses. The County may rely on the admissions made by the McPeaks. However, it cannot rely on the evidence it elicited from its witnesses. The trial court could have chosen to disbelieve the County's witnesses, and apparently it did. Rule 73.01; *Alice v. Ronald,* 683 S.W.2d 307, 310 (Mo.App.1984); *See also, S.G. Adams Printing v. Central Hardware,* 572 S.W.2d 625, 628 (Mo.App.1978). Without the latter evidence, this argument of the County fails. Moreover, since the McPeaks' admissions, standing alone, are not enough to prove a "business" under any definition suggested by the County, no useful purpose would be served by an extended discussion of these various definitions.

However, the County did not only request the trial court to enjoin a "trucking business". It also requested the court to enjoin the McPeaks from using their land to repair trucks. The trial court did find the McPeaks repaired trucks on their land. This is not a permitted nor even a conditional use of land in an R1–E district; thus, it is a prohibited use; and "casual, not constant and ... reasonably infrequent" repairs, as found by the court, does not obviate this prohibition.

Although repair of commercial trucks is not a permitted or conditional use in a residential district, there are, as noted earlier, certain devices built into the zoning

---

1. The legislative body in St. Charles County is the County Commission. Enactments by the Commission are designated as "Orders" rather than "Ordinances".

All Section references are to the Zoning Order in issue, which was admitted into evidence without objection.

scheme to allow for flexibility. We have examined each of these devices and not one would permit the McPeaks to repair trucks on their residential property.

First, the Zoning Order allows "accessory uses" to any permitted use in an R–1E district. § 5. An "accessory use" is a use customarily incident to the main use of the property. § 2. Commercial truck repair, however, is not customarily incident to the use of a single family dwelling. Second, "home occupations" are allowed under the Order. A "home occupation" is an occupation or profession carried on by a member of the immediate family, residing on the premises, and, if equipment is used, the equipment must be customarily "used for purely domestic household purposes". § 2. This requirement excludes the McPeaks, who use, among other things, a ten-foot tall hoist. *See, e.g., State v. Holekamp,* 151 S.W.2d 685, 689 (Mo.App.1941). Third, nothing in the record shows the McPeaks were granted a variance allowing them any relief from the Zoning Order's application to their property.

Finally the trial court focused on the "casual" and "reasonably infrequent" nature of the McPeaks' use of their property in finding there was no violation of the Zoning Order. This language in the Court's findings tracks the language used in the Order to define a "nonconforming use". As used in the Order, a "nonconforming use" is a proscribed use existing at the time the Order was passed, and that use must be discontinued "not later than five years from" that date. §§ 2 and 9. The Order also provides that "casual, intermittent" or "temporary" use of land for a particular purpose is not "sufficient to establish the existence of a nonconforming use". § 9. Relying on this language, the trial court may have reasoned that the McPeaks' "casual" and "reasonably infre-

quent" use of their land to repair trucks is not a "nonconforming use"; therefore, it must be a conforming or acceptable use. If this was the reasoning of the trial court, it is not sound. Given the comprehensive nature of the zoning scheme, conduct which is not a "nonconforming use" is not necessarily a conforming use. The complete definition of a "nonconforming use" demonstrates this. As provided in the Order, "casual, intermittent, temporary or *illegal*" use of land is not sufficient to establish a "nonconforming use". (emphasis added). § 9. Obviously, an "illegal" use of land that is not a "nonconforming use" would not be a conforming use. Nor, by the same token, could the "casual" and "infrequent" repair of trucks by the McPeaks be a conforming use.

Quite simply, we know of no principle of law which permits the "casual" and "infrequent" violation of a zoning order. To the contrary, the Zoning Order in issue provides for a fine for each violation and states "each and every day that such violation continues shall constitute a separate violation". § 13.[2]

Accordingly, we reverse and remand this cause and direct the trial court to enter an appropriate order enjoining the McPeaks from repairing trucks on their land.[3]

CRIST and KELLY, JJ., concur.

---

**2.** An injunction is a proper remedy despite provision for a fine in the Order. *See, e.g., City of St. Louis v. Friedman,* 358 Mo. 681, 216 S.W.2d 475, 479 (Mo.1949).

**3.** The trial court found defendant Sandra McPeak neither "owns" nor "conducts any part of the trucking enterprise". John McPeak, however, admitted that he and his wife Sandra were

the owners of the trucking company. This admission is uncontradicted. Moreover, lack of ownership would not necessarily exonerate Sandra from liability. A property owner is responsible for the use made of her property. *See City of St. Ann v. Elam,* 661 S.W.2d 632, 636 (Mo. App.1983).