## Eugene ECKELKAMP and Eckelkamp Excavating, Inc., Appellants,

v.

## Charles B. ECKELKAMP and Betty A. Bueker, Personal Representative of the Estate of Raymond B. Eckelkamp, Deceased, Respondents.

No. 52570.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 22, 1987.

Edward C. Cody, Klutho, Cody, Kilo and Flynn, St. Louis, for appellants.

Nicholas G. Gasaway, Wegmann, Gasaway, Stewart, Schneider, Dickhaner, Tesreau & Stoll, Union, for respondents.

CRIST, Judge.

Claimants appeal the denial of their claim against respondents (estate) for money due claimants for labor, materials, and equipment furnished to decedent pursuant to seven separate construction projects. We affirm.

On appeal of a court-tried case, we will sustain the judgment of the trial court unless there is no substantial evidence to support it; it is against the weight of the evidence; or it erroneously declares or applies the law. A determination of the credibility of the witnesses is for the trial court. *Stratton v. Stratton,* 694 S.W.2d 510, 512 [1, 2] (Mo.App.1985).

The trial court listed several grounds as a basis for its judgment disallowing the claim. Claimants assert these grounds are not supported by substantial evidence.

The applicable statute of limitations for this action is the five-year period called for in § 516.120.1, RSMo 1986. The claim was filed against estate on October 20, 1983. Although much of the work was performed prior to 1978, claimants contend the construction projects constitute an open, running account sufficient to toll the statute of limitations and thus keep their action alive.

The trial court held:

3. An examination of group exhibits six (6), seven (7) and eight (8) indicates that all billing of the various jobs was made prior to October 20, 1978 and the evidence indicated that all work was finished on or before that date. The Court is cognizant of testimony, exhibits and refused exhibits indicating payments by decedent subsequent to October 20, 1978 but finds that the proof of said payments are [sic] too indefinite to relate the payment to a designated job and do not toll the statute of limitations.

"It is of the essence of a claim for services rendered over an extended period of time ... that the services must have been *continuous,* and this essential is required even in those cases decided upon the fiction and analogy of an open, current account between the parties." *Minor v. Lillard,* 289 S.W.2d 1, 6 [5] (Mo.1956); *Steva v. Steva,* 332 S.W.2d 924, 928 (Mo.1960). The courts consistently hold that a cessation in the services which interrupts the continuity of the account causes anything prior to the break to be subject to the statute of limitations. *Minor,* 289 S.W.2d at 6; *Steva,* 332 S.W.2d at 928.

The record was replete with testimony from workers involved with the various projects. However, much of the evidence was vague or contradictory. Even assuming the services were rendered and the materials and equipment furnished so as to constitute an open, running account, the trial court's determination that there was insufficient evidence the services continued on or after October 20, 1978, was supported by the evidence. Accordingly, the five-year statute of limitations bars the claim. § 516.120.1, RSMo 1986.

Because we hold the statute of limitations bars the claim, we need not discuss the merit of claimant's argument for recovery on the theory of quantum meruit. *Atkins v. Clark,* 644 S.W.2d 365, 367[2] (Mo.App.1982).

Judgment affirmed.

GARY M. GAERTNER, P.J., and GRIMM, J., concur.