**Floryne MARKS, Appellant,**

v.

**Pete GENTILE, d/b/a Pete's Towing Service, Respondent.**

No. 54369.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 31, 1989.

Murray A. Marks, St. Louis, for appellant.

Donald K. Gerard, St. Louis, for respondent.

CRIST, Judge.

Appellant (plaintiff) appeals the judgment in favor of respondent (defendant) in this court-tried action for damages for the negligent towing of her automobile. We affirm.

While driving northbound on Interstate 270 on the afternoon of July 5, 1984, plaintiff's automobile left the highway and came to rest in a drainage ditch. Trooper M.E. Hermann arrived on the scene minutes later. He notified defendant, who operates a towing business, to come and pull the car out of the ditch.

In this cause of action, plaintiff alleged the negligence of the tow truck operator resulted in $500 worth of damage to her automobile. Defendant contended the towing operation was not performed negligently and any damage to plaintiff's car was not caused by the towing. The trial judge found in favor of defendant stating plaintiff failed to prove the damage was caused by the towing.

On appeal plaintiff asserts there is no substantial evidence to support the trial judge's verdict. We disagree.

Although both plaintiff and her son testified that the damage to the automobile was caused by the towing, defendant testified he had towed the vehicle in a proper manner and no damage resulted therefrom.

Furthermore, Trooper Hermann testified he examined the automobile carefully after it was towed onto the roadway and stated the damage now complained of was not present at that time. Although the witnesses' testimony is conflicting, the determination of the credibility of witnesses is for the trier of fact. *Eckelkamp v. Eckelkamp*, 741 S.W.2d 312, 313 (Mo.App.1987). Under these facts, the verdict of the trial court was supported by substantial evidence. Defendant's motion for damages for frivolous appeal is denied.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.