Edward WINGO, Shelley Wingo, Plaintiffs–Respondents,

v.

Janice SENN, Defendant,

and

Jacqueline Rainey, Defendant–Appellant.

No. 54608.

Missouri Court of Appeals, Eastern District, Division Four.

March 21, 1989.

Jennifer H. Fisher, St. Louis, for defendant-appellant.

Nanci Miller Hays, St. Louis, for plaintiffs-respondents.

STEPHAN, Judge.

Jacqueline Rainey appeals the judgment of the trial court in this bench-tried case awarding $9,000.00 to respondents Edward and Shelley Wingo in their action for personal injury and property damages against defendants Janice Senn and Jacqueline Rainey following a three car collision. We affirm.

On September 3, 1983, on northbound Lewis and Clark Road near its intersection with St. Cyr Road, a collision between defendants Senn's and Rainey's automobiles caused Senn's car to hit the rear of the Wingos' car. Shelley Wingo, the driver, sustained injuries. Her 1983 Delta Oldsmobile was also damaged. The trial court assessed damages solely against appellant Jacqueline Rainey and none against defendant Senn.

On appeal, Rainey asserts the judgment is against the weight of credible evidence. She further disputes the assessment of damages solely against her with no apportionment of fault against defendant Senn. Her final point challenges the award of damages as excessive.

 Appellant testified that she remained in her lane while defendant Senn testified that appellant turned out of her lane into Senn's lane, hitting Senn and causing Senn's vehicle to strike respondents' automobile. Although the testimony of the witnesses conflicts, the determination of the credibility of witnesses is for the trier of fact. *Eckelkamp v. Eckelkamp*, 741 S.W.2d 312, 313 (Mo.App.1987). Under these facts, the trial court's decision was not against the weight of the evidence as appellant claims. Point denied.

Appellant's second point argues the trial court improperly applied the comparative fault doctrine in failing to apportion fault between defendant Senn and her. Again, we defer to the trial court's determination that only Rainey's negligence set into motion the chain of events which ultimately caused Senn's car to collide with and damage respondents' automobile. Appellant's second point is denied.

 Appellant's final point contests the damage award. The trial court awarded respondent Shelley Wingo $6,000.00 for her personal injuries and $3,000.00 for the property damage to respondents' automobile. No challenge is made to the $3,000.00 property damage award. Shelley Wingo incurred medical expenses of $300.00 for injuries to her neck, shoulder and right arm, continued physical impairment, and pain and suffering. She also lost $2,000.00 in wages after missing four weeks of work because of her injuries. We find the damages awarded for her personal injuries not to be excessive.

JUDGMENT AFFIRMED.

SMITH, P.J., and SATZ, J., concur.