**Michael Edward WALLACE, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 41333.**

Missouri Court of Appeals, Western District.

March 13, 1990.

Rehearing Denied March 27, 1990.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Paul R. Mudd, Independence, for respondent.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

The Director of Revenue appeals from an order of the circuit court reinstating Michael E. Wallace's driver's license which had been revoked by the Department of Revenue pursuant to sections 302.500–.540, RSMo 1986.

An earlier trial had also resulted in the reinstatement of the driver's license, but we reversed the order and remanded for further consideration of the question whether Wallace's operation of his vehicle was an unusual operation so as to justify his stop by the officer. *Wallace v. Director of Revenue*, 754 S.W.2d 900 (Mo. App.1988). The stipulated issue throughout has been whether the officer who arrested Wallace had probable cause to stop Wallace as he operated a motor vehicle on the highway. Our holding in the first appeal was that the trial court had erred in

finding, solely on the ground that the officer had observed no traffic offense by Wallace before the stop, an absence of probable cause therefor. We held the court should have upheld the stop if the evidence showed the officer observed merely unusual operation of the driver's automobile.[1]

The case upon retrial was submitted to the same judge upon the record made in the first trial, with the addition of a record of Wallace's guilty plea to careless and imprudent driving in connection with the incident which resulted in the license revocation.

■ The evidence was as follows:

Wallace was driving along Highway 50 in Jackson County at approximately 3:45 a.m. on January 15, 1987. Trooper J. K. Trammell of the Missouri State Highway Patrol testified as follows:

I was behind the vehicle, following it; and while I was following the vehicle, it was traveling about 55 miles an hour, as was I. Its brake lights came on and it was jerking, like ... the brakes were being slammed on. It did this approximately four times. And after that, it then swerved off onto the shoulder, came back on, and then it jerked back off onto the shoulder. At that point I turned on my emergency equipment on the patrol vehicle and was pulling off onto the shoulder directly behind the vehicle.

After Wallace was stopped, Trooper Trammell observed that Wallace appeared to be under the influence of intoxicants. A breathalyzer test showed a blood alcohol concentration of .15 percent. She charged him with driving while intoxicated.

Wallace's testimony contradicted Trooper Trammell's in some material respects. He

testified that he was following a car which had a radar detector as he drove along Highway 50. The car with the radar detector notified him there was a police officer ahead. The other car slowed down to 45 miles per hour and Wallace continued at 55 miles per hour. He said he slowed down and pulled to the shoulder of the road. He said he didn't make a sudden stop but gradually slowed down. If he had slammed on his brakes, he said, the officer would probably have hit him because she was "pretty close" behind him. He did not know at that time, however, that it was an officer who was directly behind him. His reason for pulling over to the side of the road was to urinate. As he was slowing down and before he had come to a complete stop the officer turned on her emergency lights and perhaps her siren. When the officer came to his car, according to his testimony, she asked him why he braked four times. He responded by saying that it was not his car and he was not used to it. He testified he wasn't really thinking too well "in the rash of the moment". He said he imagined the real reason was to remain at the speed limit. Wallace denied that he at any time had swerved his car off the traveled portion of the roadway and back on.

If the trial judge believed Wallace's testimony, it was competent for him to find that there was neither an observable traffic offense nor any unusual operation of the automobile which justified the police officer's stop of the Wallace automobile. Credibility of witnesses, of course, is for the trier of fact. *Herbert v. Harl*, 757 S.W.2d 585, 587 (Mo. banc 1988); *Sur-Gro Finance, Inc. v. Smith*, 755 S.W.2d 439, 441–42 (Mo.App.1988). Taking the direct

1. In the earlier appeal, we held that the trial court's determination upon the first trial that Wallace had committed no observable traffic offense was supported by the evidence, but we remanded for the limited purpose of the determination by the trial court whether Wallace's driving constituted unusual operation of the vehicle. Thus, the issue of Wallace's commission of an observable traffic offense was, as a matter of "the law of the case", foreclosed by the first

trial and appeal. That issue became res judicata. The only issue which the trial court could consider was whether there was an unusual operation of the vehicle which would justify the stop. *Creason v. Harding*, 126 S.W.2d 1179, 1183–84 (Mo. banc 1939); *see also Butcher v. Main*, 426 S.W.2d 356, 358 (Mo.1968); *Bray v. St. Louis–San Francisco Railway Co.*, 259 S.W.2d 132, 138 (Mo.App.1953); *Choate v. Dunaway*, 254 S.W.2d 298, 302–03 (Mo.App.1953).

evidence and the inferences therefrom which support the judgment of the court below, and disregarding the contrary evidence and inferences, we can only affirm the judgment of the trial court. *Nail Boutique, Inc. v. Church,* 758 S.W.2d 206, 208 (Mo.App.1988); *St. Charles County v. McPeak,* 730 S.W.2d 611, 612 (Mo.App. 1987).

■ The Director of Revenue urges that Wallace's guilty plea to the charge of careless and imprudent driving is conclusive upon him in the absence of an explanation by Wallace, and such guilty plea required the judge to disbelieve Wallace's version. A guilty plea in a criminal proceeding constitutes an admission of the charge against him, but it is not binding and conclusive upon the pleader in another proceeding. *Pruiett v. Wilform,* 477 S.W.2d 76, 80 (Mo. 1972); *Ferguson v. Boyd,* 448 S.W.2d 901, 903 (Mo.1970). The cases are collected in 20 Missouri Digest 2d, *Evidence,* section 265(11). It was up to the trier of fact to give the guilty plea the weight to which he deemed it to be entitled, along with all the other evidence in the case. *Herbert,* 757 S.W.2d at 587.

*Pruiett v. Wilform,* 477 S.W.2d 76, is instructive on the effect in a civil case of evidence of a guilty plea in a criminal case growing out of the same incident.[2] There a defendant in a suit for damages was charged with having *intentionally* (as opposed to negligently) shot the plaintiff's decedent. There was introduced into evidence defendant's plea of guilty to "manslaughter". Pointing out that manslaughter may be an intentional or a negligent homicide, the court said, "the plea of guilty means substantially nothing without a record of the charge." *Pruiett,* 477 S.W.2d at 80. Similarly in the case before us, a plea of guilty to "careless imprudent" would mean nothing, for careless and imprudent driving could be done in a multitude of ways and the guilty plea constituted no admission of any of the acts which Trooper Trammell testified to. In the case before us, unlike *Pruiett,* we do have a record of the charge. Wallace was originally charged by the "uniform traffic ticket" with driving while intoxicated. The charge was amended by striking out the description of the offense and in its place writing the words "careless imprudent". The amendment further narrows the charge to a violation of section 304.016.4, RSMo 1986. That statutory subsection prohibits driving to the left side of the road under certain circumstances. Pleading guilty to the amended charge constituted no admission of the acts which, according to the testimony of Trooper Trammell, caused her to stop Wallace. The guilty plea to the amended charge, obviously a compromised arrangement, was not entitled as a matter of law to any more weight than the trial judge gave it.

Judgment affirmed.

SHANGLER, J., concurs.

TURNAGE, J., dissents in separate opinion.

TURNAGE, Judge, dissenting.

I believe the judgment is against the weight of the evidence and the majority has failed to follow *Murphy v. Carron,* 536 S.W.2d 30, 32[2] (Mo. banc 1976) and *Pruiett v. Wilform,* 477 S.W.2d 76, 80[4–6] (Mo.1972).

The majority gives as its rationale for affirming the judgment the following statement:

> Taking the direct evidence and the inferences therefrom which support the judgment of the court below, and disregarding the contrary evidence and inferences, we can only affirm the judgment of the

---

**2.** *Pruiett,* 477 S.W.2d 76, stands for the proposition that a guilty plea to a criminal charge is an admission which will make a prima facie case against the defendant in a civil proceeding for damages, if the criminal charge was the same act for which damages are sought. It by no means holds that such admission is conclusive upon the defendant in the civil proceeding, or that it overrides defendant's denial in the later civil proceeding as a matter of law.

trial court. *Nail Boutique, Inc. v. Church*, 758 S.W.2d 206, 208 (Mo.App. 1988); *St. Charles County v. McPeak*, 730 S.W.2d 611, 612 (Mo.App.1987).

I do not agree that this is a correct statement of the law because it fails to give effect to the scope of review of a court tried case stated in *Murphy*. Under the majority view a judgment in any court tried case would enjoy certain affirmance if the appellate court could find any evidence and inferences to support the judgment.[1] This is in conflict with *Murphy*. Further, this is the standard for review in a jury tried case. *Murphy* clearly establishes a different standard in court tried cases.

Aside from the erroneous basis for decision, the majority fails to state the evidence which it finds to support the judgment. The evidence considered by the court was as follows: Trooper Trammell testified that she had been on the highway patrol for ten years. She testified that at 3:45 a.m. she was following Wallace on Highway 50 in Jackson County; she observed Wallace driving about 55 m.p.h. when "[i]ts brake lights came on and it was jerking, like it was—the brakes were being slammed on. It did this approximately four times. And after that, it then swerved off on to the shoulder, came back on, and then it jerked back onto the shoulder." At that point the Trooper turned on the emergency equipment and pulled in behind Wallace as he stopped on the shoulder.

Wallace testified that he was following another car with a radar detector which notified him that there was a police officer ahead. Wallace asserts that he pulled on to the shoulder in a normal fashion because he was going to urinate. He stated the Trooper came to his car window. He then testified:

> She inquired about two things. The first one, she asked me why I braked four

times. I responded by saying that it was not my car and the vehicle—I wasn't used to it and—In the rash of the moment, I probably wasn't really thinking too well, but I imagine the real reason was that I—to remain at the speed limit.

In addition to that evidence the court, on remand, received a copy of a plea of guilty entered by Wallace to a charge of careless and imprudent driving arising out of the events leading up to the stop of Wallace by Trooper Trammell. Wallace never denied that he braked four times on the highway.

The majority says that Wallace contradicted the Director's evidence in some material respects but does not elaborate. Actually the only part of Trammell's testimony which Wallace contradicted was her statement that he pulled off and on the highway before he pulled off when she stopped him. As is plain from Wallace's own testimony, he admitted that he braked suddenly four times on the highway before Trammell says he pulled onto the shoulder. Certainly braking suddenly on a highway four times would be an unusual movement which would be sufficient to authorize Trammell to make a stop under *Aron v. Director of Revenue*, 737 S.W.2d 718, 719[1, 2] (Mo. banc 1987).

The majority has ignored the sudden braking admitted by Wallace as apparently the trial court did. In view of the admission by Wallace that he braked suddenly on the highway, it is immaterial whether or not the trial court believed that Wallace drove onto the shoulder prior to the stop.

The majority next holds that the plea of guilty to careless and imprudent driving entered by Wallace was entitled to only the weight which the trial court gave it. The weight which the trial court gave to the plea is shown by the following when the plea was offered in evidence:

---

1. The cases cited in support of this declaration make clear that accepting evidence which supports the judgment and rejecting contrary evidence should properly be applied only to determine if there is evidence to support the judgment. *Nail Boutique* at 758 S.W.2d 207–08[1–3];

*St. Charles County*, 730 S.W.2d at 612[1]. The evidence contrary to the judgment must be disregarded in passing on the sufficiency of the evidence because the court may not have believed such evidence.

MR. MUDD: (attorney for Wallace) Your Honor, I'm going to object to that particular exhibit. It really has no bearing on this administrative review. Specifically that was a plea agreement that was made to the charge. It was an amendment of a charge; and, again, it was made with the purpose of going upon a—on an amended charge, then avoiding the possible consequences of being found guilty on the original charge, Your Honor. So as our—

THE COURT: That's right. The original—so the record will be clear, Mr. Smith. The original charge as you've indicated in your stipulation was a DWI charge; and at the municipal court level over at Division 108, I should say, the charge was amended pursuant to a plea bargain agreement, changed to C and I and a plea of guilty was entered rather than face a DWI charge.

\*       \*       \*       \*       \*       \*

THE COURT: Well, if he's charged with DWI, that's the very issue in question, whether it was probable cause. He was not charged with careless driving in connection with operation of the vehicle as I understand it; and although the Court of Appeals has indicated that you don't have to have an observable traffic offense, any unusual movement will be sufficient to establish probable cause to support the revocation. This case, there's no question. It's been stipulated that his breathalyzer would—is more than .13. And the question then is was there an unusual movement. I frankly do not see that by pleading, entering into a plea bargain agreement to reduce the DWI to careless establishes whether there was an unusual movement.

\*       \*       \*       \*       \*       \*

MR. SMITH: (attorney for the Director) The way I understand the LaMartina case, and of course, the Court can interpret it a different way, is that it comes in as a declaration or admission against interest.

THE COURT: I would agree that that might be true if he were charged with careless driving and pled guilty to careless driving. In this case he's charged with DWI, which is the result of later—

MR. SMITH: It's the same ticket, Your Honor, a reduction, I would agree.

THE COURT: But in any event I'm going to make it part of the record simply—I don't think it has any purpose other than credibility but we'll receive it in evidence for that purpose.

There is no doubt that the trial court gave no weight to the plea, or at the most gave it no more weight than it would to a plea of guilty to a charge of disturbing the peace. While the plea is not conclusive, *Pruiett* holds that a plea of guilty "is a solemn confession of the truth of the charge." 477 S.W.2d at 80[4–6]. Thus, the plea was entitled to greater weight than would be assigned to a plea in a completely unrelated case which would only go to affect the credibility of Wallace. Here, the plea was a solemn confession that at the time Wallace was stopped by Trammell he was guilty of careless and imprudent driving. The majority states that the section listed in the charge speaks of driving to the left side of the road. The transcript here is silent as to which side of the road Trammell observed Wallace driving when she stated that he pulled on and off the shoulder.

Certainly the solemn admission of Wallace embodied in the plea of guilty would show at the very least an unusual operation of his vehicle.

The trial court further depreciated the plea by stating that it was entered pursuant to a plea agreement. The majority places its stamp of approval upon this erroneous statement of the law. *Pruiett* stated that the court did not approve of an argument that a plea was not sufficient to make a submissible case "because it was a mere 'compromise.'" *Id.* 477 S.W.2d 76, 80[4–6]. Thus, *Pruiett* unequivocally held that the fact that a plea is entered pursuant to a compromise or a plea agreement

has no affect on the weight to which the plea is entitled. By holding otherwise the majority is in conflict with the holding in *Pruiett.*[2]

The testimony of Trammell that Wallace braked suddenly four times on the highway, and the admission by Wallace that he did so, is evidence of an unusual operation of his vehicle. In addition, the plea of guilty corroborates the testimony of Trammell that Wallace operated his vehicle in an unusual manner. Against this evidence is only the denial by Wallace that he pulled on and off the shoulder. Even if the trial court believed Wallace when he denied that he pulled on and off the shoulder, there is no denial by Wallace of his unusual operation in braking suddenly on the highway. I am firmly convinced that the judgment is against the weight of the evidence and I would reverse and direct that the decision of the Director be affirmed.

**2.** The majority also allows Wallace to eat his cake and have it too. Wallace escaped a charge of driving while intoxicated and the majority lets him enjoy the fruit of that benefit without having to endure any consequence of entering a plea to careless and imprudent driving.