**Kevin James SCHRANZ, Respondent,**

v.

**DIRECTOR OF REVENUE State of Missouri, Appellant.**

**No. WD 36885.**

Missouri Court of Appeals,
Western District.

Jan. 21, 1986.

Robert Davis Aulgur, Asst. Atty. Gen., Jefferson City, for appellant.

Allan J. Fanning, Kansas City, for respondent.

Before CLARK, C.J., and TURNAGE and KENNEDY, JJ.

CLARK, Chief Judge.

This is an appeal by the Director of Revenue from an order entered by the Circuit Court of Jackson County providing for reinstatement of respondent's driving license. The cause was before the circuit court on appeal from a notice of license suspension issued by the Department of Revenue pursuant to §§ 302.500–540, RSMo.Cum.Supp. 1984.[1] The order for suspension had been subjected to an administrative hearing as provided in § 302.530 and the de novo trial in the circuit court on petition by respondent. The Director has appealed.

According to a stipulation of facts presented to the trial court, respondent had been driving his automobile westbound on 79th Street in Kansas City on September 27, 1984 when, at the intersection of Troost Avenue, the vehicle crashed into a building on the east side of Troost. When officers arrived at the scene, Schranz was passed out behind the steering wheel of the car. An Alco-Analyzer test of Schranz's breath was administered and the test results showed respondent's blood alcohol content to be .17 of one percent by weight. In

---

1. All references to the statutes of Missouri are to RSMo.Cum.Supp.1984.

physical appearance, respondent's eyes were bloodshot, his pupils were dilated, his balance, walking and turning were swaying and his speech was slurred.

The issue presented to the trial court which formed the basis for its decision was respondent's claim that before procedures resulting in a license suspension under §§ 302.500–540 were initiated by an arrest, the police officer must have had probable cause to believe the arrestee's blood alcohol equalled or exceeded the statutory measure of .13 percent. Although in this case it was obvious that respondent was involved in an intoxication-related traffic offense as provided in § 577.023, it was equally conceded that the police officer could not determine by field observation whether the percentage weight of alcohol in respondent's blood was more or less than .13 percent. The belief that blood alcohol content was of a specific measure could only be formed after performance of scientific tests which, by the nature of the tests, are performed at a police station after the suspect has been taken in custody.

The trial court in its decision applied a literal interpretation of § 302.505.1 and held that probable cause for an arrest leading to a license suspension under § 302.515 may only be supported if, at the moment of arrest, the determination has been made that the arrestee's blood alcohol content is at least .13 of one percent. The fact was conceded to be otherwise here and the suspension was therefore voided.

■ The trial court judgment in this case was entered prior to the decision in *Collins v. Director of Revenue*, 691 S.W.2d 246 (Mo. banc 1985). There, the same contention was made as here for a literal interpretation of § 302.505.1. That contention was rejected. The court held it to be sufficient cause for arrest of the suspect if the officer had probable cause to believe the suspect was driving in violation of § 577.010 or § 577.012. The former statute prohibits driving while intoxicated and the latter prohibits driving with .10 of one percent of blood alcohol or more. Probable cause to arrest for a violation of § 577.010 or § 577.012 exists where the police officer observes a traffic violation or unusual operation of a vehicle and upon stopping the motorist, indications of alcohol consumption are noted. *In the Matter of Purvis*, 591 S.W.2d 29 (Mo.App.1979).

■ In the subject case, ample facts justified a belief by the arresting officer that prior to arrest, respondent had been operating his motor vehicle in violation of § 577.010 or § 577.012. Once the arrest had been made and respondent had been taken to the police station, the breathalyzer test confirmed a blood alcohol content of more than .13 percent warranting issuance of the suspension notice. Under the analysis set out in *Collins v. Director of Revenue, supra*, there was sufficient evidence to support the determination by the Department of Revenue to suspend respondent's driving license. The trial court erred in holding to the contrary.

The judgment of the circuit court ordering reinstatement of respondent's license privileges is reversed. The order by the Department of Revenue suspending respondent's driving license is reinstated for a period to be determined by the Department of Revenue in accordance with § 302.525.2. Costs are assessed against respondent.

All concur.