Gerald L. GAILEY, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. WD 37899.

Missouri Court of Appeals,
Western District.

Sept. 23, 1986.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Paul O. Liebengood, Blue Springs, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

PER CURIAM:

Appeal by the Director of Revenue from an order of the Circuit Court of Jackson County reinstating respondent's driving privileges. The Department of Revenue issued a notice on May 21, 1985, suspending respondent's license for 30 days, pursuant to § 302.500, et seq., RSMo Cum.Supp. 1984, for operating a motor vehicle with blood alcohol content of .13 percent or more. Respondent petitioned for a trial de novo in the circuit court pursuant to § 302.535 RSMo, and the circuit court reversed. Appellant Director of Revenue appeals, arguing that the judgment is contrary to the weight of the evidence, and erroneously applies the law.

Judgment reversed.

Respondent Gerald L. Gailey was arrested by a police officer who first observed him making an illegal U-turn and then straddling the lane marker as he drove. When stopped, Gailey had an odor of alcohol on his breath and was unable to perform field sobriety tests satisfactorily. When tested with a chemical breathalyzer, Gailey had a blood alcohol concentration of .14 percent.

At the trial de novo, the court sustained respondent's objection that no foundation had been laid for the officer's testimony that the breathalyzer machine was working properly. The test was administered at the police station by Officer Mark Hatcher. Officer Hatcher testified that he holds a Type III permit to operate a Breathalyzer 900–A, issued by the Missouri Division of Health. Also, Hatcher testified that he followed the procedures set out in the Division of Health checklist for operating the breathalyzer machine. The court took judicial notice of the provisions of the Code of State Regulations governing the use of the breathalyzer. The checklist used by Hatcher in testing Gailey and completed at time of the test was received in evidence, upon Hatcher's testimony that he followed each of the procedures on the list in administering the test.

At the close of the trial, respondent objected that the officer was not qualified to testify that the breathalyzer machine was in proper working order. Respondent had earlier objected that an officer who administers the test is required to have a Type II, and not a Type III permit. The court sustained the objection as to "the workingproper operation of the machine, whether or not it was in working order or not."

The Director of Revenue appeals, arguing that the trial court erred by reversing the order suspending Gailey's license because the officer's testimony was sufficient to permit admission of the test results. The Department of Revenue is authorized to suspend or revoke the license of any

person "upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood was thirteen-hundredths of one percent or more by weight of alcohol in his blood." Section 302.505 RSMo Cum.Supp. 1984. Probable cause to arrest exists when "the police officer observes a traffic violation or unusual operation of a vehicle and upon stopping the motorist, indications of alcohol consumption are noted." *Schranz v. Director of Revenue,* 703 S.W.2d 912, 913 (Mo.App.1986).

Respondent contends, and the trial court found, that the Director of Revenue did not lay sufficient foundation for introduction of the results of the breathalyzer test because the Director did not prove that the machine functioned properly on the day in question. The court's ruling is inconsistent with the decision of the Missouri Supreme Court in *Collins v. Director of Revenue,* 691 S.W.2d 246 (Mo. banc 1985). The court, in *Collins,* recognized the long-standing rule that "if breathalyzer tests are administered by *certified* operators in accordance with the operating procedures promulgated by the Missouri Division of Health, a prima facie case for the introduction of test results is made." *Collins,* 691 S.W.2d at 253.

The testing officer here, as in *Collins,* testified that he had a Type III permit, and that he followed the authorized "checklist," which sets forth the proper mode of operating the breathalyzer machine. The court there as here took judicial notice of the state rules and regulations in which the checklist appears. The Supreme Court in *Collins* found these steps constitute a sufficient foundation to permit admission of the test results. *Id.*

The trial court erred by refusing to admit the results of the breathalyzer test, and by doing so, misapplied the law. The case is remanded for a new trial in accordance with this opinion. The case is reversed and remanded. Costs are assessed against the respondent, Gailey.