**CALVARY HEIGHTS BAPTIST TEMPLE, Plaintiff-Appellant,**

v.

**Allen MOLASKY, Racing Service Corporation, Troy Realo Land Management Company, Allen Molasky Trust, Melanjo Investments, Inc., Marti Ellen Rose, Gloria Molasky, Magnum Industries, Inc., Defendants-Respondents.**

No. 51915.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 23, 1987.

Motion for Rehearing and/or Transfer
Denied July 30, 1987.

James B. Herd, Deeba, DeStefano, Sauter & Herd, St. Louis, for plaintiff-appellant.

Howard Wittner, David Sosne, St. Louis, for defendants-respondents.

PER CURIAM.

Plaintiff, Calvary Heights Baptist Temple, brought an action for specific performance, or in the alternative, damages for fraud against defendants, Allen Molasky, Racing Service Corporation, Troy Realo Land Management Company, Allen Molasky Trust, Melanjo Investments, Inc., Marti Ellen Rose, Gloria Molasky, and Magnum Industries, Inc. In a court tried case, the trial court entered judgment in favor of defendants after making findings of fact and conclusions of law. Plaintiff appeals from that judgment.

The facts of this case are extensive and complex. The seminal issue, however, presents a question of fact; i.e., was there a specific oral agreement made by Mark Molasky, defendants' agent, to reconvey land to plaintiff. On that point plaintiff's witnesses were equivocal. Defendants denied such an agreement. The trial court held that "although there were conversations about a possible reconveyance of some land to plaintiff, said discussions were general, non-specific and do not establish that any defendants entered into any definite and specific agreement to reconvey specific property ... there is no evidence that an actual and definite oral agreement was made."

Faced with a conflict in the evidence, it is the prerogative of the trial court to believe defendants and accept their testimony as true. *Rinderknecht v. Caulfield*, 716 S.W.2d 405, 406 (Mo.App.1986). We defer to the wide discretion accorded the trial court even if there is evidence which would support a different conclusion. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo. App.1983). Since we affirm the trial court's finding that there was no oral agreement, it is unnecessary to consider plaintiff's arguments relating to the Statute of Frauds or the legal efficacy of any subsequent releases. Plaintiff's first point is denied.

Plaintiff's second point challenges the sufficiency of the trial court's findings of facts and conclusions of law. That point is also denied.

The judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value. The judgment of the trial court is affirmed in accordance with Rule 84.16(b).

All concur.