**Dan ARON, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 69228.

Supreme Court of Missouri,
En Banc.

Oct. 13, 1987.

William L. Webster, Atty. Gen., James A. Chenault, Sp. Asst. Atty. Gen., Dept. of Revenue, Jefferson City, for appellant.

Henry L. Graf, Kansas City, for respondent.

PER CURIAM.

After Aron was arrested for driving while intoxicated, the Department of Revenue issued an order suspending his driver's license pursuant to Sections 302.500 to 302.540, RSMo Supp.1984. After a trial *de novo*, the circuit court ordered his license reinstated. The director appealed. The Court of Appeals, Western District, reversed but failed to remand the case for further hearing. We granted transfer and have jurisdiction. Mo. Const. art. V, sec. 10. Reversed and remanded.

While driving west on Ninth Street, a Kansas City, Missouri police officer ob-

served Aron driving in front of him. The officer testified that Aron's vehicle was straddling the lanes. After following him for approximately one block, the officer pulled the vehicle over. Upon stopping his car, the officer radioed in to the dispatcher that he had a traffic violator. He then left his car and approached Aron. Aron got out of his car as well and he met the officer somewhere between the two vehicles.

Aron was staggering as he walked. He admitted that he had been drinking. The officer detected the odor of intoxicants and observed that Aron's eyes were dilated and he could not keep his balance. Field sobriety tests were administered. Based on Aron's unsatisfactory performance, the officer concluded that he was intoxicated. The officer arrested Aron for lane straddling and transported him to the police station for a breathalyzer test. After the test showed his blood alcohol concentration to be fifteen-hundredths (.15) of one percent, he was arrested for driving while intoxicated.

Aron's driver's license was subsequently suspended. Pursuant to Section 302.535, RSMo 1986, Aron obtained a trial *de novo*. After hearing the Director's evidence, the trial court found that there was no probable cause for the arrest and ordered reinstatement of the license. On appeal, where review is pursuant to *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), the director contends that the trial court's judgment was both unsupported by the evidence and an erroneous application of the law. We agree.

 Section 302.505, RSMo 1986, provides for administrative license suspension or revocation where it is determined that a person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in his blood or breath was thirteen-hundredths of one percent or more. In *Collins v. Director of Revenue*, 691 S.W.2d 246, 251 (Mo. banc 1985), this Court held that the type of probable cause required was that necessary to effectuate the arrest for the alcohol-related violation. In *Schranz v. Director of Revenue*, 703 S.W.2d 912, 913

(Mo.App.1986), the court determined that such probable cause existed where the police officer observed a traffic violation or unusual operation of a vehicle and, upon stopping the motorist, indications of alcohol consumption were noted. Thus, the specific probable cause to arrest for an alcohol-related traffic violation and in turn to support an administrative license suspension may be developed after a motorist is otherwise properly stopped.

 In seeking to uphold an administrative license suspension, the director bears the burden of proving that there was probable cause to make the traffic arrest and that testing revealed that the driver's blood alcohol content was thirteen-hundredths (.13) of one percent or more. *Stewart v. Director of Revenue*, 702 S.W.2d 472, 475 (Mo. banc 1986). While there is no dispute regarding the second element, the trial court found and Aron maintains that the requisite probable cause was not shown in this case. The director contests that finding, arguing that probable cause for the arrest was established by evidence showing that after the officer observed Aron driving so as to straddle the lanes, he was stopped and the officer then detected obvious signs of intoxication.

In support of the trial court's finding, Aron contends that the officer gave conflicting testimony at trial and thus provided the court with a basis for disbelieving the evidence otherwise tending to establish probable cause. Specifically, Aron claims that the officer's statement that Aron was lane straddling was inconsistent with his testimony that Aron was driving straight down the middle of Ninth Street.

Aron's argument is based upon the assumption that Ninth Street is a three-lane street. The record does not reveal this fact. The arresting officer, the sole witness testifying in this case, stated that he was not sure how many lanes Ninth Street had at the point where he observed Aron driving but that there were only two lanes available for driving due to cars parked along both curbs. Thus, the officer's testimony that Aron was driving straight down the middle of a two-lane street was suffi-

cient to establish a presumption of probable cause for stopping Aron.

The trial court's finding of inadequate probable cause is, therefore, erroneous on the evidence before it. The trial court's granting of Aron's directed verdict motion foreclosed Aron's opportunity to present his defense. Aron's evidence may reveal that Ninth Street is a three-lane street, with a lane in the middle, and that Aron was not committing a traffic violation sufficient to establish probable cause to stop. We do not foreclose Aron's opportunity to present such evidence. A remand is, therefore, necessary.

The judgment is reversed and the cause remanded.

All concur.