**STATE of Missouri, Respondent,**

v.

**Bradley Joseph SANDBOTHE, Appellant.**

**No. WD 39726.**

Missouri Court of Appeals, Western District.

April 26, 1988.

William Patrick Cronan of Cronan, Robinson & Lampton, Columbia, for appellant.

Suzanne Modlin, Asst. Pros. Atty., Columbia, for respondent.

Before MANFORD, P.J., and TURNAGE and COVINGTON, JJ.

MANFORD, Presiding Judge.

This is a direct appeal from a conviction of driving while intoxicated, in violation of § 577.010, RSMo 1986, and of careless and imprudent driving, in violation of § 304.010.1, RSMo 1986.

The judgment of the trial court is affirmed with respect to the conviction of driving while intoxicated. That part of the appeal relative to the conviction of careless and imprudent driving is dismissed.

Appellant presents two points which, in summary, charge the trial court erred (1) in overruling his motion to suppress evidence of the arresting officer's observations and the testing of appellant, and (2) in finding him guilty of having violated § 304.010.1, RSMo 1986, because the evidence failed to establish he operated a motor vehicle in a manner likely to cause injury to the person or property of another.

The pertinent facts are as follows:

This case arises out of a traffic violation that occurred at the intersection of Broadway and Fifth Street in Columbia, Missouri. At that intersection, Broadway has two lanes for westbound traffic, and to the north of the right westbound lane there are markings for diagonal parking.

Shortly after midnight on September 7, 1986, Columbia Police Officer Larry Brady was in the left westbound lane of Broadway, waiting at a red light at the intersection of Broadway and Fifth Street. Another car was waiting at the light in the right westbound lane of Broadway, alongside the vehicle driven by Officer Brady. As the two cars waited at the light, appellant, driving a red Camaro, pulled up to the right side of the car in the right lane, in the area of the diagonal markings for parking.

After the light turned green, appellant's car accelerated past the car in the right westbound lane and, after passing said car on the right, appellant's vehicle cut in front of it. Appellant's maneuver caused the car in the righthand lane to slow down almost

to a stop to avoid a collision with appellant's car.

At this point, Officer Brady turned on his overhead warning lights and pulled over appellant's vehicle. After stopping appellant, Officer Brady noticed that appellant had slurred speech and smelled of intoxicants. Officer Brady gave appellant a field sobriety test and, based on his observation of appellant, concluded that appellant was intoxicated. Appellant was arrested and taken to the Columbia Police Department, where an Intoxilyzer 500 breath testing device measured a blood alcohol content of .17%.

Following trial, appellant was found guilty on both counts, and this appeal followed. Any other facts deemed applicable to the disposition of the appeal will be set forth *infra*.

■ As his first point on appeal, appellant argues that the trial court erred in overruling appellant's motion to suppress evidence of Officer Brady's post-stop observations and evidence of the testing of appellant, because said evidence was the result of an improper stop of appellant's vehicle. Citing *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), appellant claims that Officer Brady did not have a reasonable suspicion that criminal activity was taking place when he pulled over appellant's vehicle.

In support of his claim, appellant points to Officer Brady's own testimony that, prior to the stop of appellant's vehicle, he had no indication that appellant was driving while intoxicated. Instead, Officer Brady had stopped appellant's vehicle because it had passed another car on the right. This was insufficient grounds for stopping appellant's vehicle, argues appellant, because appellant had violated no state law or city ordinance by passing on the right at that particular time and place.

According to appellant, § 304.016.2(2), RSMo 1986, provides that it is proper to pass another vehicle on the right "upon a city street with unobstructed pavement of sufficient width for two or more lines of vehicles in each direction." However, appellant fails to point out that in § 304.016.2(5), another sub-section of the same statute, there are the following added restrictions to passing on the right:

(5) The driver of a motor vehicle may overtake and pass another vehicle upon the right only under the foregoing conditions when such movement may be made in safety. In no event shall such movement be made by driving off the paved or main traveled portion of the roadway;

In the case at bar, it is quite clear that appellant violated the provisions of § 304.016.2(5). Appellant did not pass the other vehicle when he was on the main traveled portion of the roadway; instead, he was driving in an area marked for diagonal parking. Furthermore, the evidence casts considerable doubt on whether appellant's pass of the other car was "made in safety," as required by the statute. According to Officer Brady's testimony, appellant cut in front of the other car, forcing it to slow down almost to a stop in order to avoid colliding with appellant's vehicle.

This court finds from the foregoing that Officer Brady did have reasonable suspicion that criminal activity was taking place when he pulled over appellant's vehicle, and that therefore his stopping appellant was not unlawful. Appellant's first point is ruled against him.

As his second point on appeal, appellant claims that the trial court erred in finding appellant guilty of careless and imprudent driving, in violation of § 304.010.1, RSMo 1986, because there was no evidence submitted showing that appellant drove in a manner which was likely to cause injury to the life or limb of any person or the property of another. Appellant claims that, while there was testimony that the vehicle being passed slowed down, there was no evidence of danger to persons or property.

■ In appealing his conviction of careless and imprudent driving, appellant is challenging a conviction which resulted in a suspended imposition of sentence. As such, the conviction is unappealable. In criminal cases, right of appeal is limited by § 547.070 to final judgments, and a suspended imposition of sentence is not a final

judgment. *State v. Lynch,* 679 S.W.2d 858, 860 (Mo. banc 1984). Accordingly, appellant's second point on appeal is dismissed.

The judgment of the trial court is affirmed with respect to the conviction of driving while intoxicated. The appeal is dismissed with respect to the conviction of careless and imprudent driving.

All concur.