Michael E. **WALLACE,** Respondent,

v.

**DIRECTOR OF REVENUE,** State of
Missouri, Appellant.

**No. WD 39714.**

Missouri Court of Appeals,
Western District.

July 19, 1988.

William Webster, Atty. Gen., Cynthia
Green, Asst. Atty. Gen., Jefferson City, for
appellant.

Paul Mudd, Independence, for respondent.

Before KENNEDY, C.J., and
SHANGLER and BERREY, JJ.

PER CURIAM.

Michael E. Wallace was arrested for driving while intoxicated. The Department of
Revenue issued an order suspending his
driver's license pursuant to §§ 302.-
500–.540, RSMo 1986. The license was ordered reinstated, however, following a trial
de novo and the director now appeals.

The judgment is reversed.

The circumstances leading to Wallace's
arrest were a matter of some dispute at
trial. The arresting officer, a state trooper, presented the following account of the
incident. As she was proceeding west on
Highway 50 in Jackson County at approximately 3:45 a.m., the trooper observed the
brake lights of the car in front of her come
on and saw the car jerk as though the
brakes were being slammed on. After
braking four times, one-third of the vehicle
jerked off of the roadway onto the shoulder, returned to the roadway and then
jerked over onto the shoulder again, coming to a stop. As the car left the roadway
the second time, the trooper activated the
patrol car's emergency equipment and
pulled off the road behind the vehicle.

While approaching the vehicle, the trooper saw both the driver and the passenger
lean over as if they were either reaching
for or hiding something. In talking with
Wallace, the driver of the car, the trooper
detected the smell of alcohol and observed
that his eyes were bloodshot and watery,
his speech was slurred and he was somewhat confused in his statements. She then
asked him to go back to her patrol car and,
as he complied, she noted that he seemed
unsure of himself in that he held onto his
car to steady himself as he walked around
it. He was subsequently placed under arrest and issued tickets for driving while

intoxicated and for being a minor in possession of alcoholic beverages. The facts concerning events following the arrest are undisputed and need not be recounted here.

At trial Wallace testified that, having been alerted by another motorist that there was a police officer in the vicinity, he kept his speed at 55 miles per hour. Although he at least impliedly admitted that he applied the brakes a series of four times, Wallace denied that he had slammed on the brakes, speculating that if he had, the officer would have probably hit him as she was following closely behind him. He testified that he was unaware at that time, however, that it was an officer following him and he said that his purpose in pulling over to the side of the road was to urinate. He denied swerving and said he did not make a sudden stop but rather that he gradually slowed to a stop on the shoulder. As he was stopping, but before coming to a complete halt, the officer activated her emergency equipment.

Wallace testified that the officer's first question to him was why he braked four times and that his response was that he was unaccustomed to the vehicle he was driving as it belonged to someone else. At trial, he indicated that he was not thinking very well at the time and that, in fact, the real reason he braked was to remain at the speed limit. Wallace testified that he did not remember that he had to hold onto the car as he walked back to the patrol car and he believed he walked freely. He could not see the officer as he was walking back to the car but after he was seated and had closed the car door, he saw that she was talking to the passenger through the driver's window.

In order to support a suspension or revocation of a motorist's license pursuant to § 302.505.1, it is the director's burden to show by a preponderance of the evidence, the following:

(1) that the arresting officer had probable cause to effect the initial arrest (i.e. probable cause to believe that a violation of § 577.010 or § 577.012 occurred based upon the particular facts and circumstances); and

(2) that chemical analysis revealed that the arrestee had a BAC of thirteen hundredths (.13) of one percent or more.

*Stewart v. Director of Revenue*, 702 S.W. 2d 472, 475 (Mo. banc 1986).

At the trial de novo, the parties stipulated that Wallace was arrested for driving while intoxicated and that the subsequent breathalyzer test was given by an authorized operator, in accordance with the approved checklist and revealed a blood alcohol concentration of .15 per cent by weight. Thus, the sole issue for resolution at the trial de novo was the question of probable cause. Specifically, the record indicates that the court and the parties saw the determinative issue in the case to be the existence of probable cause for the stop. The court framed the issue as follows:

Whether the stop was unusual or not, can the officer, if he sees somebody go off the road, make a stop and make a normal reasonable inquiry as to what's going on: Do you need help, is there some mechanical problem or something. I see that as kind of larger issue. Whether you have to be prepared when you pull off to charge somebody with an offense or not or whether you can make a reasonable investigation, I think is what we're talking about.

The court ordered Wallace's license reinstated based on its finding that:

the driving conduct of the petitioner did not constitute an "observed traffic offense" such as would give rise to probable cause for the officer to stop the vehicle being driven by petitioner. The action of the officer, in effect, was an investigative stop without probable cause.

The director challenges the adverse decision, arguing that probable cause was established.

On appeal, review is pursuant to *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), and the judgment will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* Because the trial court

in the instant case incorrectly interpreted and applied the law in determining the existence of probable cause, the judgment must be reversed.

Probable cause to arrest for an alcohol-related traffic offense exists "where the police officer observes a traffic violation or unusual operation of a vehicle and upon stopping the motorist, indications of alcohol consumption are noted." *Schranz v. Director of Revenue*, 703 S.W.2d 912, 913 (Mo.App.1986). "Thus, the specific probable cause to arrest for an alcohol related traffic violation and in turn to support an administrative license suspension may be developed after a motorist is otherwise properly stopped." *Aron v. Director of Revenue*, 737 S.W.2d 718, 719 (Mo. banc 1987). The exception to this rule applies where the arrest was made at a checkpoint or roadblock. In that situation the arrest may not serve as the basis for suspension nor revocation of the driver's license unless probable cause to make the arrest existed prior to the stopping of the vehicle. Section 302.510.4; *Isom v. Director of Revenue*, 705 S.W.42d 116, 117 (Mo.App.1986).

Although this case did not involve a checkpoint or roadblock stop, the order entered here clearly demonstrates that the trial court applied the exception rather than the general rule in determining when the officer must have developed probable cause for the arrest. Accordingly, the judgment reflects a misinterpretation and misapplication of the law.

In order to make a valid traffic stop, the officer need only have had a reasonable suspicion that criminal activity was taking place when she made the stop. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Sandbothe*, 750 S.W.2d 664, 665 (Mo.App.1988). Such suspicion may, under the circumstances presented here (i.e., where the stop was not the result of a checkpoint or roadblock), arise from an observation of conduct not constituting a traffic violation but merely an unusual operation. *See Schranz, supra*, at 913. In rendering its judgment, the trial court found that Wallace had not committed an observed traffic offense but it failed to further determine whether there was an unusual operation of the vehicle. Due to the unresolved conflict between the officer's and Wallace's accounts of the latter's driving, it is necessary to remand the cause to the trial court for such determination.

Findings of fact were neither requested nor made here and although, in such case, the facts are deemed to have been found in accordance with the judgment, Rule 73.-01(a)(2), such presumption is not helpful in the case at bar. An unusual operation requires a lesser showing than a traffic violation; therefore, a conclusion that no violation occurred is not dispositive of the question of whether there was an unusual operation. Resolution of this question turns on the credibility of the witnesses—a matter the trial court must decide.

The judgment is reversed and the cause remanded for further consideration.