David THURMOND,
Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, STATE OF
MISSOURI, Respondent–Appellant.

No. 54778.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 1, 1988.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for respondent-appellant.

Laurence F. Alter, St. Louis, for petitioner-respondent.

CRANDALL, Presiding Judge.

The Director of Revenue (Director) appeals from the judgment of the trial court reinstating David Thurmond's driving privileges after they had been suspended pursuant to Section 302.505, RSMo (1986). We affirm.

On June 22, 1986, Thurmond was operating his vehicle in the City of St. George, St. Louis County, when he was stopped by a St. George police officer. The officer placed Thurmond under arrest for driving a motor vehicle while intoxicated. After his driving privileges were revoked, Thurmond requested and was granted a trial de novo. *See* Section 302.535, RSMo (1986).

At that hearing, the only witness was the arresting officer. The officer testified that he observed a vehicle weaving on the road and pulled it over. As he approached the vehicle, Thurmond got out and staggered towards the officer. The officer noticed Thurmond's eyes were bloodshot and watery, his pupils were dilated, his speech was slurred, and he seemed a little confused. The officer then administered several field sobriety tests. Thurmond was unable to successfully complete his alphabet, to count backwards from 100 to 78, to walk heel to toe, to find his nose with either hand, or to walk a straight line. The officer arrested him and administered a breath analysis test which indicated Thurmond's blood alcohol to be .133 percent by weight.

The officer testified that he held a Type III permit to operate the breath analysis machine, that he was the primary operator of that machine, and that he had last calibrated it about three weeks prior to driver's being arrested. He stated that he usually arrested "between 18 and 30 DWI's a month."

Also admitted into evidence were the officer's public safety certificate, his Type III permit, the checklist used in administering driver's breath test, the chromatogram from Thurmond's breath test indicating .133 percent blood alcohol by weight, and a certified copy of the ordinance under which Thurmond was arrested. After the evidence was presented, the trial court, without making any findings, sustained Thurmond's petition and reinstated his driving privileges.

On appeal, our court reversed and remanded for findings of fact. *Thurman[sic] v. Director of Revenue*, 745 S.W. 2d 260, 262 (Mo.App.1988). On remand, the trial court issued findings of fact and found, "The witness' [arresting officer's] testimony lacked credibility, hence it was not believed."

Director's sole point on appeal is that the trial court abused its discretion in finding that the arresting officer's testimony lacked credibility.

In a court-tried case, the judgment of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In determining if there is substantial evidence, we defer to the ability of the trial court to ascertain the facts and to judge the credibility of witnesses. *Rinderknecht v. Caulfield*, 716 S.W.2d 405, 406 (Mo.App.1986). We view the evidence in the light most favorable to the judgment. *Id.* The trial court is accorded wide discretion even if there is evidence in the record which would support a different result. *Calvary Heights Baptist Temple v. Molasky*, 733 S.W.2d 774, 775 (Mo.App. 1987).

In *Thurman*, 745 S.W.2d at 262, our court stated that Director had met its burden of proving that there was probable cause to make the arrest and that Thurmond had a blood alcohol content of .13 percent or more. In reversing and remanding for findings of facts on the issues, we stated that the facts, "*if believed by the finder of fact*, entitle Director to a judgment in its favor...." (emphasis added).

Here, the trial court was the trier of fact. The earlier opinion of our court concluded that, as a matter of law, the evidence was sufficient for Director to make a prima facie case against Thurmond. Implicit in this finding is that the evidence offered to establish the elements of the crime would have to be believed by the trier of fact. It was within the purview of the trial court to disbelieve the testimony of the arresting officer, who was the only witness in the case.

In its findings of fact, the trial court stated:

Therefore, in the matter before me, having *listened to, watched* and *digested* the testimony *in person* and considered its inflections, subtleties and nuances I have concluded:

1. The witness' testimony lacked credibility, hence it was not believed.

2. His description of the Petitioner at the scene of the stop was more consistent with an individual whose Blood Alcohol Content was .233.

3. Further, as tryer [sic] of fact I made my decision in a manner which I believe to be consistent with the testimony at the time it was given.

We recognize the trial court's superior ability to scrutinize the arresting officer's demeanor. The trial court could look upon the officer's claim that he personally made 18 to 30 DWI arrests each month in a city with a population of only 1,545 as less than accurate. The trial judge noted the inconsistency between the officer's description of Thurmond's conduct at the scene of the arrest and Thurmond's measured blood alcohol content.

In a court-tried case, it is the prerogative of the trial court to determine the credibility of the witness, accepting or rejecting all, part, or none of the testimony. *MacCurrach v. Anderson*, 678 S.W.2d 459, 463 (Mo.App.1984). We have reviewed the record and find no abuse of the trial court's discretion.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.