Nancye Lee STARK, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF
MISSOURI, Appellant.

No. WD 40581.

Missouri Court of Appeals,
Western District.

Jan. 10, 1989.

William L. Webster, Atty. Gen., Jatha B.
Sadowski, Sp. Asst., Jefferson City, for appellant.

Larry C. Larson, Kansas City, for respondent.

Before FENNER, P.J., and
MANFORD and GAITAN, JJ.

GAITAN, Judge.

Appellant, Director of Revenue, appeals the judgment of the trial court which reinstated respondent's, Nancye Lee Stark, driving privileges which had been suspended pursuant to § 302.535.1, RSMo 1986. Appellant states the trial court erred when it found no probable cause for the arrest. We agree and reverse the judgment of the trial court.

On November 3, 1987, Officer Hartman with the Kansas City, Missouri Police Department observed a vehicle driven by respondent, Nancye Stark, in an abandoned parking lot behind some buildings where the stores were all closed. The vehicle was being driven by respondent at that time. Officer Hartman approached the vehicle and had a conversation with respondent from the window of his car to the window of her car. On this occasion they were approximately four feet apart. There were two other persons in the vehicle driven by respondent. Officer Hartman asked respondent if everything was all right. Respondent told him she was going home and that she lived south of there. Officer Hartman drove off to check on the rest of the buildings and noticed that respondent turned west and continued behind the buildings. Since respondent had indicated

she was going home, which was in a southerly direction, Officer Hartman followed her and stopped the vehicle. When asked by Officer Hartman whether she had been drinking, respondent said she had consumed two or three beers. Officer Hartman detected that respondent had a strong odor of alcohol, whereupon a field sobriety test was conducted and Officer Hartman formed an opinion that respondent was intoxicated. Thereafter, Officer Hartman arrested respondent pursuant to Kansas City Ordinance 34116A and transported her to the police station for a breath analysis. Her blood alcohol content was later determined to be greater than .13 of one percent by weight, and her driving privileges were suspended pursuant to §§ 302.500–302.540, RSMo 1986. An administrative hearing was held and the hearing officer sustained the suspension. Respondent petitioned for a review of the suspension in the Circuit Court of Clay County pursuant to § 302.535, RSMo 1986. As a consequence, a trial de novo was held, and appellant was ordered to reinstate the driving privileges of respondent. This appeal followed.

This case was tried on the issue of whether or not the officer had sufficient justification to stop the vehicle operated by respondent. In order to support the suspension or revocation of respondent's license pursuant to § 302.505.1, the appellant has the burden of showing by a preponderance of the evidence that the arresting officer had probable cause to affect the initial arrest based upon the particular facts and circumstances, and secondly, that the breath test revealed a blood alcohol content in excess of .13 of one percent. *See Stewart v. Director of Revenue*, 702 S.W.2d 472, 475 (Mo. banc 1986).

■ When no traffic violation has been otherwise observed by the police officer, the stopping of a motor vehicle may only be justified on a reasonable suspicion that the occupant was involved in criminal conduct. *See Wallace v. Director of Revenue*, 754 S.W.2d 900, 902 (Mo.App.1988).

■ Here, the officer's testimony established that the respondent's operation of her vehicle was unusual. She was driving in an abandoned parking lot where businesses were not open and she did not have her headlights turned on. While respondent indicated to the officer that she was going home and that she lived south of there, she in fact took off in a westerly direction and continued driving behind the buildings. All of this activity aroused the officer's suspicion, and therefore he stopped respondent again. Observation of the unusual operation of respondent's vehicle formed the basis of reasonable suspicion that criminal activity was taking place and justified the stop.

■ It has been held that the specific probable cause to arrest for an alcohol-related traffic offense and also in support of an administrative license suspension may be developed after a motorist is otherwise properly stopped. *See Aron v. Director of Revenue*, 737 S.W.2d 718, 719 (Mo. banc 1987). In the case at bar, it was after respondent was properly stopped that the officer noticed indications of alcohol consumption. Respondent admitted she had been drinking and emitted a very strong odor of alcohol. In addition, her eyes were described by the officer as watery, bloodshot, and glassy. Respondent was staring and her pupils were dilated, and her words were slurred and she mumbled as she spoke. The officer thereafter conducted two field sobriety tests, both of which respondent performed poorly. Based on these observations, Officer Hartman formed the opinion that respondent was intoxicated. At this point, the requisite probable cause was present to make the arrest.

■ The second burden the appellant must bear at trial is proof that the respondent had a blood alcohol content of .13 of one percent or greater. In order to make a prima facie case for the introduction of breath analysis test results, it must be shown that: (1) the test was performed according to techniques and methods approved by the Department of Health; (2) the person who administered the test possessed a valid permit; and (3) the equipment and devices used were approved by the Department of Health. *Jannett v.*

*King,* 687 S.W.2d 252, 254 (Mo.App.1985). The parties stipulated that Officer Hartman possessed a Type III permit qualifying him to operate the Smith and Wesson 980 used to test respondent and approved by the Department of Health. Further, the parties stipulated to the admission of the operational checklist which established the techniques and method used by Officer Hartman while conducting respondent's breath analysis test. The proof of these elements made a prima facie case for admission of the breath analysis test results which showed the respondent had a blood alcohol content of .17 of one percent.

We believe appellant satisfied its burden of proof both as to probable cause for the stop and the proper suspension of respondent's license pursuant to §§ 302.500–302.540, RSMo 1986.

We therefore reverse the judgment of the trial court and reinstate the suspension of respondent's driving privileges.

All concur.