**William Charles KRANZ, Petitioner–Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent–Respondent.**

No. 54101.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 31, 1989.

Robert Michael Shea, St. Louis, for petitioner-appellant.

Cynthia Beth Green, Government Counsel, Jefferson City, for respondent-respondent.

CRANDALL, Presiding Judge.

William Charles Kranz appeals from the judgment of the trial court affirming an administrative decision by the Director of Revenue (Director) to suspend Kranz's driving privileges. Kranz also appeals from that portion of the judgment assessing sanctions against him. We affirm in part and reverse in part.

Kranz's driving privileges were suspended on January 8, 1986, as a result of his arrest for driving a motor vehicle while intoxicated. The suspension was upheld following an administrative hearing. Kranz then requested and obtained a trial de novo in the circuit court.

The arresting officer, Officer Leu, testified at trial that on January 8, 1986, she noticed skid marks and fencing lying on the road, and a car which had been involved in an accident. She stated that Kranz, who was the sole occupant of the car, admitted that he had been driving when the accident occurred. Kranz denied any need for medical attention. She testified that his clothes were disarranged, his eyes were watery and bloodshot, his speech was slurred, and his breath smelled of liquor. Kranz performed two field sobriety tests: one he performed badly and the other he performed belligerently. Officer Leu said that she then arrested Kranz for driving while intoxicated. She testified that Kranz was abusive and obnoxious. His blood alcohol content measured .168 percent by an Alco–Analyizer. After hearing the evidence, the trial court entered judgment for Director and affirmed the suspension of Kranz's driving privileges. The trial judge then, on his own motion, found that Kranz had filed his petition for a de novo hearing for an improper purpose and ordered Kranz, after a hearing, to pay to Director an attorney's fee of $86.97 and costs as sanctions pursuant to Rule 55.03.

Kranz first claims the trial court erred in upholding the suspension of his driving privileges pursuant to § 302.505.1, RSMo (1986). That section provides:

Determination by department to suspend or revoke license, when made, basis—final, when.—1. The department shall

suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was thirteen-hundredths of one percent or more by weight of alcohol in his blood, based on the definition of alcohol concentration in Section 302.500.

The burden of proof was on Director to prove by a preponderance of the evidence (1) that the arresting officer had probable cause to believe that Kranz had committed an alcohol related traffic offense; and (2) that his blood alcohol concentration was .13 percent or greater. *Stewart v. Director of Revenue*, 702 S.W.2d 472, 475 (Mo. banc 1986).

An officer has probable cause to make an alcohol related traffic arrest when he observes an unusual or illegal operation of a motor vehicle and observes indicia of intoxication when coming into contact with the motorist. *Schranz v. Director of Revenue*, 703 S.W.2d 912, 913 (Mo.App.1986). In this case, Officer Leu found Kranz in a car that was off the roadway with twenty-eight feet of fence down and skid marks all over the road. Kranz admitted that he had been driving when the accident occurred. The officer spoke with Kranz and noticed that his eyes were bloodshot, his speech was slurred, and his breath smelled of liquor. She observed that Kranz unsuccessfully performed one field sobriety test and belligerently performed another. There was substantial evidence adduced to establish the necessary probable cause. *See Miller v. Director of Revenue*, 719 S.W.2d 787, 789 (Mo. banc 1986).

Director also proved that the test results from a properly administered breath test indicated that Kranz's blood alcohol concentration was .168. Clearly, there was substantial evidence in the record from which the trial court could properly conclude that the suspension of Kranz's driving privileges was proper. Point one is denied.

In his second point, Kranz contends the trial court erred in finding that he filed his petition for an improper purpose and in imposing sanctions against him pursuant to Rule 55.03. We review de novo the trial court's legal conclusion that the facts in this case constitute a violation of Rule 55.-03. *See Zaldivar v. City of Los Angeles*, 780 F.2d 823, 828 (9th Cir.1986).

Kranz has an unqualified right under § 302.535, RSMo (1986) to a trial de novo in the circuit court. Exercising that statutory right does not constitute an improper purpose. It was error to impose sanctions against Kranz for requiring Director to meet his burden of proof in a court of law. In so holding, we do not reach the salient issue of whether Director is entitled to recover attorney's fees in absence of statutory authorization. *See Collins & Hermann v. St. Louis County*, 684 S.W.2d 324 (Mo. banc 1985).

That portion of the judgment of the trial court upholding the suspension of Kranz's driving privileges is affirmed; the imposition of sanctions against Kranz is reversed.

REINHARD and CRIST, JJ., concur.