Jeffrey A. BACH, Plaintiff-Appellant,

v.

**DIRECTOR OF REVENUE, Defendant–Respondent.**

No. 54135.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 14, 1989.

Ronald L. Rothman, Clayton, for plaintiff-appellant.

George R. Westfall, Carrie Costantin, Clayton, for defendant-respondent.

STEPHAN, Judge.

Jeffrey Bach appeals the judgment of the trial court denying his petition to reinstate his driving privileges after respondent Director of Revenue revoked them for a one year period for failure to take a breathalyzer test following his arrest for driving while intoxicated. We affirm.

On September 6, 1987, at 3:17 a.m., Berkeley police officer Robert Rinck stopped appellant on Interstate 70 after noticing appellant's vehicle weaving on the road. The officer observed appellant's eyes were red and glassy and that he had a strong odor of alcohol on his breath. Appellant's unsatisfactory performance of several field sobriety tests prompted the officer to arrest him. Officer Rinck called for assistance because the three passengers remaining in appellant's vehicle were becoming unruly. A second Berkeley police officer answered and came to the scene. Officer Rinck then transported appellant to the police station. En route, appellant told the officer he had drunk ten beers at Laclede's Landing. At the station, the officer explained the Missouri implied consent law to appellant and gave him his *Miranda* warnings. Appellant responded that he wanted to call his lawyer. The officer asked if he knew the number, and gave him a telephone directory so he could call his attorney. Appellant did not call his attorney. He also stated that he wanted to call his mother. The officer added that appellant, although given an opportunity to telephone his mother, made no calls. Instead, he lay down on the floor and then passed out. The officer interpreted appellant's response as a refusal to take the breathalyzer test.

Appellant's testimony differed from that of the officer. Appellant stated that the officer had asked him at the scene whether he would consent to a breathalyzer blood alcohol test. Appellant said he had neither consented nor refused but asked to be taken to a nearby hospital for treatment for his ulcer. He admitted drinking three, not ten beers, and these had upset his ulcer. Appellant testified that when asked at the station if he would submit to a blood alcohol test, he again requested medical attention. He added that he had also asked to contact his mother and his attorney but that the officers refused, stating the telephone system in the police station was out of service. Based on the foregoing, the trial court upheld the suspension of appellant's driving privileges, notwithstanding its judgment noting that the issues presented were "unique" and worthy of appellate review.

■ Appellant relies on three points; however, his appeal raises the single issue whether appellant refused to submit to a breathalyzer, a chemical breath test. Appellant contends no valid refusal was given. He argues that the arresting officer did not allow appellant consultation with counsel despite his request prior to administration of the breathalyzer; second, that the physical abuse and neglect by police of appellant and occupants of his car clouded his ability to consent or to refuse the test; and third, that the arresting officer erred in determining appellant had "voiced" a clear and unequivocal refusal to submit to the breathalyzer when appellant was unconscious.

In a court-tried case, the judgment of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In determining if there is substantial evidence, we defer to the ability of the trial court to ascertain the facts and to

judge the credibility of witnesses. *Thurmond v. Director of Revenue*, 759 S.W.2d 898, 899 (Mo.App.1988). We view the evidence in the light most favorable to the judgment. *Id.* The trial court is accorded wide discretion even if there is evidence in the record which would support a different result. *Id.*

Our review of the record persuades us that appellant's actions prior to passing out constituted a refusal within the meaning of the Missouri Implied Consent statute, § 577.020 RSMo 1986 and the "refusal" statute, § 577.041 RSMo 1986 (since amended). The court in *Spradling v. Deimeke*, 528 S.W.2d 759, 766 (Mo.1975), stated the following standard establishes what constitutes a refusal:

> There is no mysterious meaning to the word 'refusal'. In the context of the implied consent law, it simply means that an arrestee, after having been requested to take the breathalyzer test, declines to do so of his own volition. Whether the declination is accomplished by verbally saying, 'I refuse', or by remaining silent and just not breathing or blowing into the machine, or by vocalizing some sort of qualified or conditioned consent or refusal, does not make any difference. The volitional failure to do what is necessary in order that the test can be performed is a refusal.

*See also Kilpatrick v. Director of Revenue*, 756 S.W.2d 214, 216 (Mo.App.1988).

■ Refusal to submit to the blood alcohol breathalyzer test can occur in ways other than by verbal refusal. *Askins v. James*, 642 S.W.2d 383, 386 (Mo.App.1982). Appellant's action in conditioning his consent to take the breathalyzer until he spoke to his attorney or his mother, coupled with his failure to telephone either of them, provided a legitimate basis for the arresting officer to conclude that appellant refused to take the breathalyzer. That he subsequently became unconscious when he passed out after he lay down on the floor does not affect the import of his earlier actions. His unconscious state had no bearing on his prior refusal. Deferring, as we must, to the trial court's opportunity to assess the credibility of the witnesses, *Thurmond v. Director of Revenue*, 759 S.W.2d at 899, we believe the record supports the conclusion that the arresting officer did not prevent appellant from consulting with counsel or his mother. Likewise, the arresting officer testified appellant never during his arrest asked that he be taken to the hospital. The officer's testimony, presumably believed by the trial court, defeats appellant's argument that his ability to render an informed consent or refusal was clouded by pain for which he had requested hospital treatment.

It is the prerogative of the trial court to determine the credibility of the witness, accepting or rejecting all, part, or none of the testimony. *Id.* We have reviewed the record and find no abuse of the trial court's discretion.

The judgment of the trial court is affirmed.

SMITH, P.J., and SATZ, J., concur.