**Phillip W. EDWARDS, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 54890.

Missouri Court of Appeals,
Eastern District,
Division One.

May 9, 1989.

William L. Webster, Atty. Gen., and Jatha B. Sadowski, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

William N. Seibel, Jr., St. Charles, for respondent.

CRIST, Judge.

Director of Revenue (Director) appeals from an order of the circuit court reinstating respondent's (driver) driver's license, which had been suspended pursuant to § 302.505 for driving with a blood alcohol content of .13% by weight or greater. We affirm.

Driver was arrested for driving while intoxicated and given a breathalyzer test which revealed his blood alcohol content to be .156% by weight. After driver received notice his license would be suspended, he requested an administrative hearing pursuant to § 302.530, RSMo 1986 to review the suspension. The suspension of driver's license was sustained following the hearing. Driver then requested a trial de novo in the circuit court. A trial de novo was held, after which the court, without making findings of fact or conclusions of law, reinstated respondent's driver's license.

Director appeals, asserting the evidence presented at the trial de novo supported the suspension of driver's license. He contends there was probable cause for the arrest of driver.

The arresting police officer testified that he pulled driver over after seeing his car leave a stop sign spinning its tires, producing a squealing noise and smoke. The police officer engaged his car's emergency equipment and pulled driver over about 200

feet from the stop sign. As officer exited his vehicle, driver also exited his. Officer noticed driver was unsteady on his feet, he smelled of alcohol, and his eyes were red and watery. The officer administered several field sobriety tests to driver, placed him under arrest for driving while intoxicated, and took him to the police station to administer a breathalyzer test. The police officer testified he performed the functions required by the checklist and administered the test. The test results revealed driver's blood alcohol content to be .156% by weight.

Driver also testified at the trial de novo. He testified his car is "a 1972 Monte Carlo, just an average car," and its tires spin almost every time he leaves a stop sign.

▇ We agree with the Director's statement of the law. Probable cause to arrest for driving while intoxicated exists "where the police officer observes a traffic violation or unusual operation of a vehicle and upon stopping the motorist, indications of alcohol consumption are noted." *Schranz v. Director of Revenue*, 703 S.W.2d 912, 913[1] (Mo.App.1986). The specific probable cause to arrest and to support an administrative license suspension may be developed after a motorist is properly stopped. *Aron v. Director of Revenue*, 737 S.W.2d 718, 719[2] (Mo.1987). For the stop to have been valid, the officer need only have had a reasonable suspicion that criminal activity was taking place, and this suspicion may, under the circumstances, arise from an observation of conduct not constituting a traffic violation but merely an unusual operation of the vehicle. *Wallace v. Director of Revenue*, 754 S.W. 2d 900, 902[1] (Mo.App.1988). However, "resolution of this question turns on the credibility of the witnesses—a matter the trial court must decide." *Id.* [2]. Further, while probable cause was the primary focus of the trial de novo, the breathalyzer results were not stipulated to, but introduced through the testimony of the police officer. The determination of the credibility of this testimony also rests with the trial court. *Thurmond v. Director of Revenue*, 759 S.W.2d 898, 899 (Mo.App.1988).

▇ We believe the Director presented sufficient evidence to make a prima facie case against driver; however, resolution of the fact issues rests with the trial court and its determination of the credibility of the witnesses, to which we accord wide discretion even if there is evidence in the record which would support a different result. *Id.* Because no findings of fact were asked for or made, we consider all fact issues as having been found in accordance with the result. *Koch v. McNeill*, 743 S.W.2d 902, 903 (Mo.App.1988).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.